THE PEOPLE *ex rel.* RALPH VANDERHYDEN *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF ELWOOD *et al.*, Defendants-Appellees.

(No. 71-174;

Third District—May 31, 1972.

Alexander Bonds, of Joliet, for appellants.

Jerald S. Galowich, of Joliet, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Will County denying the petition of plaintiffs for leave to file a complaint in *quo warranto* against the Village of Elwood.

On February 1, 1971, the Village of Elwood annexed a 410 acre tract of farm land contiguous to its boundaries and, in accordance with a preannexation agreement with the owner, rezoned the land so as to permit a planned unit development which would include use classifications for mobile homes, single and multiple family residences, business and industry. Soon thereafter the ten plaintiffs filed a petition in the Circuit Court of Will County for leave to file a complaint in *quo warranto* against the village, and thus to challenge the validity of the annexation and the preannexation agreement. The trial court entered an order denying the petition and plaintiffs have appealed from such order.

■■ It is clear that *quo warranto* is the proper remedy by which to test the legality of an annexation of territory by a municipal corporation. (*Cipowski v. Calumet City*, 322 Ill. 575; *People ex rel. Knaus v. Village of Hinsdale*, 111 Ill.App.2d 368.) The method of initiating such proceedings is outlined in Section 2 of the *Quo Warranto* Act as follows: "The proceeding shall be brought in the name of People of the State of Illinois by the Attorney General or the State's Attorney of the proper county, either on his own accord or at the instance of any individual relator; *or by any citizen having an interest in the question on his own relation*

when he has requested the Attorney General and the State's Attorney to bring the same, and the Attorney General and State's Attorney have refused or failed so to do, and when, after notice to the Attorney General and State's Attorney, and to the adverse party, of the intended application, leave has been granted by any court of competent jurisdiction, or any judge thereof." 1969 Illinois Revised Statutes, ch. 112, par. 10; emphasis added.

■■■ Unlike the complaint, which may be in general terms, (1969 Ill. Rev. Stat., ch. 112, par. 11), the petition for leave to file, as one writer has put it, "* * * must be full, positive and convincing and show the 'interest' of the relator." (1960 Illinois Law Forum 108; see also: *People ex rel. Luft v. France*, 314 Ill. 51, 54.) Whether leave to file a complaint should be granted or withheld lies in the sound discretion of the court which may consider all of the circumstances and conditions, the motives of the petition in having the proceeding instituted and whether the public interest will be served or damaged by permitting the action. *People ex rel. Palmatier v. Tighe*, 11 Ill.App.2d 1; *People ex rel. Zimmerman v. Jones*, 308 Ill. 246.

The petition for leave in the instant case dutifully sets forth the refusal of the Attorney General and the State's Attorney to act upon request, and that the notices required by the statute were given. The remainder of the petition consists of allegations that plaintiffs have an interest in the validity of the annexation by reason of the fact that four of them are citizens and taxpayers of the Village of Elwood; that the remaining six are citizens and taxpayers of Jackson Township in Will County; and that the latter six are also the owners of real estate adjoining the property annexed. None are residents of the annexed area. The complaint tendered with the petition alleged only that those seeking to bring the action were citizens and taxpayers of the village or township, and described the property they owned. As framed by the briefs of the parties, and as we view it, the question to be determined is whether the bare allegation that the plaintiffs are taxpayers sufficiently sets forth an "interest" which will permit them to maintain the action.

■■ Plaintiffs rely chiefly upon *People ex rel. McCarthy v. Firek* (1959), 5 Ill.2d 317, and *People ex rel. Henderson v. City of Bloomington* (1962), 38 Ill.App.2d 9. The *Firek* case marked a departure from a theretofore rigidly applied concept that the interest which an individual has as a taxpayer or as a member of the general public was not sufficient to permit such individual to maintain an action in *quo warranto*. The rationale of both cases was that the interest of an individual citizen in the taxes to be collected from him is a substantial and personal interest, and does

not become less so because other citizens have a similar interest. We do not, however, view either decision as authority for the proposition that a bare allegation that petitioner is a taxpayer is, without more, sufficient to establish that such taxpayer has the necessary personal interest, or the right to invoke the exercise of the court's discretion in favor of granting the petition. Instead, we believe that both decisions tacitly, if not expressly, make it manifest that the petition for leave, or the complaint tendered therewith, must allege and set forth some direct, substantial and adverse tax effect with which the petitioner-taxpayer has been personally confronted as the result of the governmental action sought to be attacked.

■■ In the *Firek* case, for example, where the petition for leave had been denied in the trial court, we interpret the opinion of the Supreme Court as having been based upon the consideration of a petition and complaint which set forth that a legally dissolved sanitary district was nonetheless continuing to tax the taxpayers who sought to bring the *quo warranto* action. Similarly, in the *City of Bloomington* case, where the petition had been granted, there appear to have been both pleadings and a stipulation of facts which raised the issue of whether the petitioning taxpayers had been personally and adversely affected taxwise by the annexation they sought to invalidate. Here, as we have noted, the trial court was confronted with a petition and complaint containing only the bare allegation that plaintiffs were taxpayers. Based upon *Firek*, as well as general requirements that facts be pleaded, we believe it was incumbent upon plaintiffs to plead and set forth that, as taxpayers, their interests had been personally, substantially and adversely affected by the annexation, and setting forth the manner in which such interests had been, or would be affected. We see in *Firek* no manifestation or command that any taxpayer may indiscriminately bring a *quo warranto* action against a governmental entity by which he is taxed, which would be the result which would occur if plaintiffs' petition was to be sustained. Accordingly, and because of the deficiency noted, we conclude that the trial court properly denied the petition.

■■ For their final contention plaintiffs assert that the trial court committed an abuse of discretion by its refusal to hear or rule upon their motion for leave to amend their complaint. The record, however, does not support such contention for it shows that the court did not "refuse" to hear or pass upon the motion but shows the court's statement as: "The Court is going to continue the hearing on this motion generally to be set on call or motion * * *." It appears, also, that plaintiffs did not thereafter call up the motion or obtain a ruling on it so far as the record discloses. The burden was on plaintiffs to call up their motion for hearing

and having failed to do so or to have obtained a ruling of the court, are deemed to have waived it. *Plato v. Turrill*, 18 Ill. 273, 275; *cf. Boyle v. Veterans Hauling Line*, 29 Ill.App.2d 235, 240.

The order of the Circuit Court of Will County is affirmed.

Order affirmed.

STOUDER, P. J., and SCOTT, J., concur.