**Donald S. KING, Appellant,**

v.

**CITY OF CORBIN, Appellee.**

Supreme Court of Kentucky.

Jan. 23, 1976.

Kenneth M. Boggs, Barbourville, for appellant.

Samuel S. Cannon, Corbin, for appellee.

PER CURIAM.

The City of Corbin, Kentucky, attempted to annex a large area lying in Knox County. A remonstrance suit pursuant to KRS 81.-110 was filed by residents and freeholders of the territory to be annexed. That suit is still pending. In the meantime the city adopted an ordinance annexing a smaller area, embraced in the original proposal, consisting of three tracts and a part of Masters Street. The owners of the three tracts consented to the annexation. The city's authority for annexing the smaller area is KRS 81.275 which provides:

"Whenever any city has enacted an ordinance proposing to annex any territory and the annexation of the territory is being challenged in the manner provided by law, the city may proceed to annex any land contained in the area proposed to be annexed, which is contiguous to the borders of the city, if the owner of such land consents to the annexation."

Appellant, as a citizen and taxpayer of the city, instituted this action contesting the annexation of the smaller area on the main ground that the territory was not contiguous to the city. Appellee challenged appellant's standing to maintain the action.

The authorities are not in agreement as to whether a person on the mere basis of his being a citizen and taxpayer is qualified to bring the action. Some of the seeming inconsistencies are due to the varying statutes and some due to text writers' failure to clearly distinguish between the right of a

citizen living within the territory to be annexed to maintain the action and that of one not a citizen of the territory. For example, it is stated in McQuillin Mun. Corp. (3rd Ed.), section 7.43, pp. 503–504, " * * * in most of the states citizens and taxpayers may institute an appropriate proceeding to test the legality of the annexation or detachment of territory," but it is noted that in many of the cases cited the "citizens and taxpayers" were freeholders of the territory, and in some instances statutory authorization for a remonstrance suit was present.

On the other hand, in 56 Am.Jur.2d, Municipal Corporations, Etc., section 72, it is stated that the general rule is that private parties are not authorized to attack in a collateral proceeding the corporate existence of a municipal corporation as to its additions, and it is explained that "The general rule is based upon public policy and while it would appear to be in opposition to established legal or equitable principles in that a private party is seemingly without remedy for what may be a private wrong, nevertheless the feeling is that at least a de facto corporation is formed embracing the new territory, and to allow a private attack against the existence of such a municipality would result in undesirable consequences to the public welfare."

Another view is that a municipal corporation charter is inviolable from private attack, with the rule applying equally to the alteration of municipal limits. See 13 A.L. R.2d 1281. *Saylor v. Town of Wallins*, 220 Ky. 651, 295 S.W. 993 (1927), is cited by ALR as adhering to this view but *Saylor* was based on Civil Code Practice section 482, later repealed, which provided that actions to repeal or vacate charters of municipal corporations may be instituted only by order of the legislature.

Still another view, and the one we believe is soundest, is that a citizen and taxpayer of the city may maintain a contest action if he shows that he is being personally, substantially and adversely affected by the annexation, and that the damage to himself is different in character from that sustained by the public generally. See *People ex rel. Vanderhyden v. Village of Elwood*, 5 Ill.App.3d 590, 284 N.E.2d 668 (1972). See also *Carrico v. City of Owensboro*, Ky., 511 S.W.2d 677 (1974), and *York v. Chesapeake & O. Ry. Co.*, 240 Ky. 114, 41 S.W.2d 668 (1931), which adopt the same rationale.

Appellant argues that *Garner v. City of Lexington*, Ky., 306 S.W.2d 305 (1957), sanctions the bringing of a suit by a person not a resident or freeholder of the territory to be annexed. After *Garner*, and no doubt as a means of circumventing the effects of the decision, the legislature enacted KRS 81.-275, supra. We view *Garner* as merely permitting a party to an action to maintain a suit to protect the jurisdiction of the court from unauthorized interference. In the present case the "interference" was authorized by KRS 81.275. Consequently appellant's standing must be measured by a different yardstick from that used in *Garner*.

In the present case there was no pleading or showing whatsoever that appellant was personally, substantially and adversely affected by the annexation. He did not have standing, therefore, to maintain the action and the trial court properly so decided.

The judgment is affirmed.

All concur.