**Eugene Williams GALL and Edward Lee Harper, Appellants,**

v.

**Gene SCROGGY, Warden; William Adams, Senior Captain; and Ms. B. Rankin, Mailroom Clerk, Appellees.**

Court of Appeals of Kentucky.

March 6, 1987.

Eugene Williams Gall, Edward Lee Harper, Eddyville, pro se.

Barbara W. Jones, Linda G. Cooper, David A. Sexton, Corrections Cabinet, Office of General Counsel, Frankfort, for appellees.

Before COMBS, GUDGEL and McDONALD, JJ.

McDONALD, Judge:

On March 14, 1986, the appellants, Eugene Gall and Edward Lee Harper, inmates of the Kentucky State Penitentiary, filed a *pro se* suit in the Lyon Circuit Court naming therein as defendants Gene Scroggy, Warden of the Eddyville institution, William Adams, Senior Captain, and B. Rankin, Eddyville Mail Clerk. In their complaint they sought injunctive relief from the court from what they characterized as the "arbitrary and capricious" action of the defendants in refusing to allow them certain publications. According to the complaint the defendants refused to allow Gall to receive nudist publications which he had been receiving for the past six or seven years; the defendants also allegedly refused to allow Harper to receive his 1967 Valley High School and 1969 Eastern Kentucky University year books. The appellants alleged that such actions violated their constitutional rights under the First and Fourteenth Amendments to the U.S. Constitution and under various provisions of the Kentucky Constitution. They also asserted as follows: that the actions were in violation of certain regulations established by the Kentucky Department of Corrections; that the refusal to allow them to receive the books and publications amounted to a breach of an agreement between inmates and staff, an agreement "authorized by the United States District Court;" that they were not afforded a hearing; and that the defendants were "estopped" from denying them access to these materials. On April 4, 1986, before summonses were issued, the trial court *sua sponte* ordered that the complaint be dismissed, finding that it did "not state a cause of action upon which the Court can or will grant relief." The appellants filed an untimely motion for relief pursuant to CR 59.01 but did file a timely notice of appeal to this Court on May 5, 1986.

■ The sole issue we need address to resolve this appeal is whether the trial court proceeded properly in dismissing the complaint. We believe it did not. CR 12.02 sets out seven specific defenses which "may at the *option of the pleader* be made

by motion." [Emphasis added.] Among these defenses is "failure to state a claim upon which relief can be granted." CR 12.02(f). It is well settled in this jurisdiction when considering a motion to dismiss under this rule that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true. *Ewell v. Central City,* Ky., 340 S.W.2d 479 (1960).

This rule clearly contemplates that these defenses will be raised in the form of a motion by a party defendant, not by the court. There is no authority in Kentucky that we are aware of which would allow a circuit court to dismiss a complaint *sua sponte* for failure to state a claim with or without notice or an opportunity to be heard. Nevertheless, there is authority emanating from the federal courts which provides that "the court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim." *See* 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1357 at 593 (1969). The various circuits are, however, split on the issue of whether the court has the power to dismiss on the merits without notice or a hearing. *See Salibra v. Supreme Court of Ohio,* 730 F.2d 1059, at 1062 n. 4 (6th Cir.1984).

We believe the position taken by the Sixth Circuit on this issue and outlined in *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983), is that which most closely comports to the mandates of procedural due process and our Rules of Civil Procedure.

The *Tingler* Court reasoned that such dismissals "are not in accordance with our traditional adversarial system of justice because they cast the district court in the role of 'a proponent rather than an independent entity.'" *Id.* p. 1111, citing *Franklin v. State of Oregon, State Welfare Division,* 662 F.2d 1337, 1342 (9th Cir.1981). The Court further noted that such dismissals were "unfair to the litigants," a "waste" of judicial resources and "particularly" preju-

dicial to *pro se* plaintiffs, "who are generally unskilled in the art of pleading." *Id.*

We think it better that a trial court refrain from dismissing a complaint for failure to state a claim unless it is brought to its attention by way of pleading or motion to dismiss as set forth in CR 12.02. If, however, a trial court is so inclined to dismiss *sua sponte,* we believe it must afford the plaintiff certain minimal procedures as established by the Court in *Tingler* as follows:

(1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal. *Id.* pp. 1111–1112.

As stated, we think these steps are necessary in order to ensure due process. That these are minimal requirements is recognized by CR 12.04 which specifically requires a hearing on motions for "relief enumerated in Rules 12.02 and 12.03." *See also Council of Federated Organizations v. Mize,* 339 F.2d 898 (5th Cir.1964), and *Jordan v. County of Montgomery, Pennsylvania,* 404 F.2d 747 (3rd Cir.1969).

The judgment of the Lyon Circuit Court is vacated and the case is remanded for further proceedings consistent with this opinion.

All concur.