Claude H. FOURROUX; Jon Myers Utility Construction, Inc.; Roy M. Smith; Keith Westmeier; Harris G. White, Jr., Appellants,

v.

CITY OF SHEPHERDSVILLE, KY; City Council of City of Shepherdsville, KY; G.W. Chandler; Kathy Chandler; Kat Contracting, Inc.; Loran Tindall (Individually and as a Trustee of the Zoneton Fire Protection District); Zoneton Fire Protection District; Roger Marcum; Rob Orkies, Appellees.

No. 2003–CA–001016–MR.

Court of Appeals of Kentucky.

Oct. 15, 2004.

Rodney Burress, Shepherdsville, KY, for appellants.

Joseph J. Wantland, Shepherdsville, KY, for appellees City of Shepherdsville and City Council.

Frank F. Chuppe, Louisville, KY, for Appellees G.W. Chandler, Kathy Chandler and Kat Contracting, Inc.

Before BARBER, KNOPF, and TACKETT, Judges.

## OPINION

TACKETT, Judge.

Claude H. Fourroux, Jon Myers Utility Construction, Inc., Roy M. Smith, Keith Westmeier and Harris G. White, Jr. bring this appeal from an order of the Bullitt Circuit Court granting summary judgment to the City of Shepherdsville, the city's council, G.W. Chandler, Kathy Chandler, and KAT Contracting, Inc. We affirm.

At the outset we note that Loran Tindall, the Zoneton Fire Protection District, Roger Marcum and Rob Orkies are listed as appellees in the notice of appeal but they did not file a brief on appeal. On motion of these parties after entry of the order which is the subject of this appeal, the circuit court entered an amended order stating that the Zoneton Fire Protection District had not been dismissed as a party pursuant to any previous order of the court. The summary judgment order at issue herein did not, therefore, apply to appellees Tindall, the Zoneton Fire Protection District, Marcum and Orkies and reference in this opinion to "appellees" will exclude these parties.

Kentucky Revised Statutes (KRS) 81A.400–.470 set out the methods for annexation by cities other than those of the first class; these sections are applicable to Shepherdsville, a city of the fourth class. KRS 81.010(4), 81A.400. They allow annexation by two methods: by the unanimous consent of all the property owners in the area proposed to be annexed (KRS 81A.412); and without the consent of the affected landowners (KRS 81A.420). On September 27, 1999, the City of Shepherdsville enacted ordinance 999–477. The ordinance was enacted pursuant to KRS 81A.412.[1] Attached to the ordinance were affidavits of consent from annexed property owners Myrtle and Thomas Lucas, George and Diane Hillard and G.W. Chandler as president of KAT Contracting, Inc.

Appellants Fourroux, Myers, Smith, Westmeier and White brought a complaint against the City of Shepherdsville and its council attacking Ordinance 999–477 on

---

1. Section one of the ordinance states "(p)ursuant to KRS 81A.452 a city may annex property without notification, notice or a sixty (60) day waiting period if the owners of record of the land to be annexed give prior consent in writing to the annexation." Despite the cleri-cal error on the referenced statute, the substance of the correct statute was quoted and supporting consent forms listed the correct statute. Appellant does not claim on appeal any prejudice from this clerical error.

several grounds including that it was an illegal corridor annex; impermissibly vague; void for the annexed territory not being contiguous; and void for lack of notice to property owners. During the course of the proceedings, the issue of standing was addressed extensively. Appellees Zoneton Fire Protection District, Tindall, Marcum and Orkies intervened as plaintiffs. Appellees and consenting annexed property owners Chandlers and KAT Contracting intervened as defendants. Appellees' motion to dismiss and two motions for summary judgment, primarily on the issue of standing, were overruled. Appellants' motion for summary judgment was granted, only to be later vacated on a CR 59.05 motion to alter, amend or vacate, at which time appellees' motion for summary judgment on the standing issue was granted against appellants Fourroux, Myers, Smith, Westmeier and White. This appeal followed.

Appellants contend that summary judgment for appellees was improper for two reasons: 1) it was granted *sua sponte;* and 2) a genuine issue of material fact was presented on the standing issue. In the alternative, appellants ask this Court to remand for summary judgment in their favor on the issue of standing and, subsequently, all other issues of law.

█ This court disagrees with appellants' first contention that the grant of summary judgment to appellees was improper as *sua sponte.* In finding no undue prejudice from the granting of a subsequent summary judgment motion following a denial, this court in *Hallahan v. Courier–Journal,* Ky.App., 138 S.W.3d 699, 706 (2004), stated "(i)t is well established that a trial court may reconsider and grant summary judgment to a party subsequent to an earlier denial." In this case, the issue of appellants' standing to bring this action had been extensively briefed and

argued by all parties in appellees' motion to dismiss and in appellees' two previous summary judgment motions. Additionally, appellants were timely served with appellees' CR 59.05 motion which asked the court to vacate the order granting summary judgment to appellants and tendered with it an order granting appellees' motion for summary judgment. Appellants have failed to demonstrate undue prejudice as the record is replete with their arguments and supporting documents on the standing issue. With appellants' taking full advantage of the above opportunities to present their arguments to the circuit court, appellants' reliance on *Storer Communications of Jefferson County, Inc. v. Oldham County Board of Education,* Ky.App., 850 S.W.2d 340, 341 (1993) which overruled a *sua sponte* order of summary judgment is misplaced.

█ Appellants' remaining issues inextricably rise and fall on the issue of standing. Appellants contest the granting of summary judgment on the issue of standing. They further seek summary judgment on the issue of standing for Myers, Smith, Westmeier and White, as well as on remaining issues of law. With regard to this latter issue, the general rule is that a denial of a motion for summary judgment is not appealable because of its interlocutory nature and it is not reviewable on appeal from a final judgment where the question is whether there exists a genuine issue of material fact. A motion for summary judgment is properly reviewable on appeal only where "1) the facts are not in dispute, 2) the only basis of the ruling is a matter of law, 3) there is a denial of the motion, and 4) there is an entry of a final judgment with an appeal therefrom." *Transportation Cabinet, Bureau of Highways, Commonwealth of Kentucky v. Leneave,* Ky.App., 751 S.W.2d 36 (1988). As the threshold is met, we will address the

merits of their summary judgment argument on the issue of standing.

■ To sustain a cause of action a party must have standing. As stated in *City of Ashland v. Ashland F.O.P. No. 3, Inc.,* Ky., 888 S.W.2d 667, 668 (1994):

> In order to have standing in a lawsuit "a party must have a judicially recognizable interest in the subject matter of the suit." The interest of a plaintiff must be a present or substantial interest as distinguished from a mere expectancy. The issue of standing must be decided on the facts of each case. Simply because a plaintiff may be a citizen and a taxpayer is not in and of itself sufficient basis to assert standing. There must be a showing of a direct interest resulting from the ordinance. (Citations omitted.)

Pursuant to KRS 81A.420, those in the area to be annexed who are resident voters or property owners have standing to contest annexation. Also, a taxpayer who does not vote or own property in the area to be annexed but who does live in the municipality that is seeking the annexation has standing "if he shows that he is being personally, substantially and adversely affected by the annexation, and that the damage to himself is different in character from that sustained by the public generally." *King v. City of Corbin,* Ky., 535 S.W.2d 85, 86 (1976).

We will first address the issue of standing regarding Fourroux. As a citizen taxpayer, Fourroux falls within the latter requirement. His original complaint asserted as a direct effect "citizens and taxpayers have a right that their elected representatives will not adopt illegal ordinances" and "tax monies are being expended and will be expended by the City in connection with such illegal Ordinance in that city fire, police and other services will be diluted leaving (Fourroux) with less protection." Via deposition Fourroux asserted that his

neighbors and disabled people such as himself would have less fire and police protection and taxpayers would have to pay additional taxes for fire and police protection to cover the annexed area. Fourroux, however, admitted no personal knowledge of the staffing of the local police and fire agencies or of the certainty of more taxes or increased insurance rates.

The standard of review for a summary judgment pursuant to CR 56.03 is set forth in *Steelvest Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476 (1991). *Steelvest* holds that it is the function of the appellate court to determine whether the trial court correctly found that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft,* Ky.App., 916 S.W.2d 779, 781 (1996). Since the issue is wholly one of law, our review is *de novo.*

■ The record supports the circuit court's finding that Fourroux was a resident of the city but that he "failed to show how he is uniquely affected by the annexation different from other residents of the city and therefore under the law has no standing...." Under the standard set forth in *King,* supra, Fourroux's opinion of the potentiality of diluted fire and police protection failed to demonstrate a personal, substantial and adverse effect on him and that the annexation's effect on him is different in character from that sustained by the public generally. While Fourroux did take the additional step of pleading with more specificity than the appellant citizen taxpayers in *King,* his pleading and proof amount to no more than a mere expectancy that he will suffer any injury such as additional taxes, increased insurance rates or diluted protection that is distinct from a similar potentiality to the general public. In *People ex rel. Vanderhyden v. Village of Elwood,* 5 Ill.App.3d

590, 593, 284 N.E.2d 668, 671 (1972), a case cited by *King,* the Court found it incumbent upon the taxpayers to plead and set forth that "their interests had been personally, substantially and adversely affected by the annexation, and setting forth the manner in which such interests had been, or would be affected." Fourroux's allegations are insufficient. As there is no genuine issue with regard to Fourroux's standing the circuit court properly granted summary judgment against him.

Fourroux's reliance on *Price v. Commonwealth, Transportation Cabinet,* Ky. App., 945 S.W.2d 429 (1996) is misplaced. In *Price* state taxpayers had standing to bring suit to bar payment of tax funds pursuant to a bill enacted by the General Assembly providing for reimbursement of certain expenses for transportation of non-public school students. The standard in *King* has not been met herein. The circuit court acted properly with regard to Fourroux.

We will next address the issue of standing as regards the remaining appellants, Myers, Smith, Westmeier and White. The circuit court found that they had no standing as they were not owners of record of any property annexed nor were they residents of the city. Ordinance 999–477 annexes the property of consenting owners Hillard, Lucas and Chandler. This property is adjacent to the east side of Highway 1020. The annexed portion of the highway connects the newly annexed property to the northernmost boundary of the city. Appellants assert standing by claiming ownership of the annexed portion of Highway 1020. More specifically, they assert ownership to the centerline of Highway 1020 via their ownership of property adjacent to the west side of Highway 1020. They also claim a potential reversionary interest in the property to the centerline

should the road be ceased to be used as a public highway.

■ Standing is established by the facts on a case by case basis. Appellants must have a judicially recognizable interest that is neither remote nor speculative. *City of Louisville v. Stock Yards Bank and Trust Co.,* Ky., 843 S.W.2d 327, 328–329 (1992). Deeds in the record clearly show that the Commonwealth has fee simple title to the road, deeded to the Commonwealth by appellants White and Myers' predecessors in title. Appellants' assertion of a reversionary interest is a mere expectancy. It does not create standing as there is no present or substantial direct interest affecting appellants. It also does not create a "justiciable controversy" giving the court jurisdiction of the action for declaratory judgment purposes. Under the declaratory judgment act, courts will not decide speculative rights or duties which may or may not arise in the future, but only rights and duties about which there is a present actual controversy presented by adversary parties. *Commonwealth ex rel. Watkins v. Winchester Water Works Co.,* 303 Ky. 420, 197 S.W.2d 771 (1946). Additionally, appellants originally testified and deeds in the record indicate that appellants did not own any part of Highway 1020 but instead owned property west of Highway 1020. Appellants were not "owners of record" as required by KRS 81A.412. The circuit court correctly found no genuine issue of material fact and the summary judgment was properly granted for appellees.

■ Additionally, Appellant White claims standing as owner of property within an agricultural conservation district. A map of the district shows that it straddles Highway 1020 on the east and west in the vicinity of the annexation. White claims that the district includes Highway 1020, and that by his ownership to the centerline of Highway 1020 he is a property owner

within the annexed area. Again, this argument fails as White is not an owner of record of annexed property as contemplated by KRS 81A.412. Alternatively, White argues that as a property owner in the district, although not a property owner of any property annexed, he has standing to contest the ordinance as it puts White and other owners in the district "at risk" for losing their district status. The potential of putting the existence of the district "at risk" does not make an actual controversy. Summary judgment was properly granted for appellees.

The circuit court correctly granted appellees' summary judgment motion finding that appellants have no standing to bring this action. Appellants are not owners of record as contemplated in KRS 81A.412. There is no personal and adverse effect of the annexation that damages appellants differently from the general public. There is no justiciable controversy, only speculation.

Appellants' remaining issues are contingent upon a finding of standing in their favor. As appellants have no standing to bring these issues, this Court will not address them. For the foregoing reasons, the order of the Bullitt Circuit Court is affirmed.

ALL CONCUR.