**Jerrel DOSTER, Appellant,**

v.

**KENTUCKY PAROLE BOARD,
Justice and Public Safety
Cabinet, Appellee.**

**No. 2009–CA–000168–MR.**

Court of Appeals of Kentucky.

April 2, 2010.

Jerrel Doster, Fredonia, KY, pro se appellant.

J. Todd Henning, Justice & Public Safety Cabinet, Frankfort, KY, for appellee.

1. Even though these cases involve the forfeiture of vehicles, they are still illustrative of the issue.

Before LAMBERT and VANMETER, Judges; HARRIS,[1] Senior Judge.

## OPINION

VANMETER, Judge.

Jerrel Doster appeals *pro se* from an order of the Franklin Circuit Court, entered December 18, 2008, *sua sponte* dismissing his petition for a writ of mandamus. For the following reasons, we vacate the trial court's order and remand to that court for further proceedings.

Doster is currently serving a 15–year prison sentence for trafficking in a controlled substance in the first degree (two counts), theft by deception over $300, forgery in the second degree, unlawful possession of a methamphetamine precursor, possession of a handgun by a convicted felon, and possession of a controlled substance in the first degree. When Doster became eligible for parole after serving three years, the Kentucky Parole Board reviewed his file pursuant to KRS 439.340(2) and deferred his case for thirty months.

Subsequent to the Board's deferment of his case, Doster sought reconsideration of the denial of parole, asserting that the Board had relied on his resident record card which contained a clerical error. Apparently Doster's card stated erroneously that he was serving a 55–year sentence, rather than a 15–year sentence. The record indicates the card was corrected to reflect the accurate term of imprisonment by the time the Board denied Doster's request for reconsideration.

█ Following the Board's denial of his request for reconsideration, Doster petitioned the trial court for a writ of mandamus to compel the Board to reconsider or review his case, stating that he had "more than clarified to [the Board] that their decision was based on a clerical error[.]" The court *sua sponte* dismissed the petition pursuant to CR[2] 12.02(f), on the basis that it failed to state a claim for which relief could be granted. Specifically, the court noted: "Decisions of the Kentucky Parole Board are not reviewable absent extraordinary legal circumstances, which do not exist in this situation." This appeal followed.

On appeal, Doster contends that the court abused its discretion in *sua sponte* dismissing his petition. He asserts that the Board's decision was based on incorrect information and as a result, his procedural due process right to a fair parole hearing under the Fourteenth Amendment of the United States Constitution and Section Two of the Kentucky Constitution was violated. He further asserts that the court's *sua sponte* dismissal of the petition failed to comport with minimal due process requirements, including the provision of notice and a hearing. With regard to Doster's latter contention, we agree.

█ Generally speaking, Kentucky law strongly discourages *sua sponte* dismissals under CR 12.02. *See Storer Commc'ns of Jefferson County, Inc. v. Oldham County Bd. of Educ.*, 850 S.W.2d 340 (Ky.App. 1993); *Gall v. Scroggy*, 725 S.W.2d 867 (Ky.App.1987). *Cf. Fourroux v. City of Shepherdsville*, 148 S.W.3d 303 (Ky.App. 2004) (holding that a trial court's *sua sponte* grant of summary judgment, on the basis that the appellants lacked standing,

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. Kentucky Rules of Civil Procedure.

was proper where the issue of standing had been extensively briefed and argued by the parties).

In *Gall v. Scroggy,* 725 S.W.2d 867, 869 (Ky.App.1987), a panel of this court held that the trial court improperly *sua sponte* dismissed a complaint filed by prison inmates for failure to state a claim, pursuant to CR 12.02(f), when no answers had been filed, no motion for dismissal had been made, and neither notice nor a hearing had been provided to the parties. In particular, the court noted that CR 12.02

> clearly contemplates that these defenses will be raised in the form of a motion by a party defendant, not by the court. There is no authority in Kentucky that we are aware of which would allow a circuit court to dismiss a complaint *sua sponte* for failure to state a claim with or without notice or an opportunity to be heard.
>
> . . . .
>
> We think it better that a trial court refrain from dismissing a complaint for failure to state a claim unless it is brought to its attention by way of pleading or motion to dismiss as set forth in CR 12.02. If, however, a trial court is so inclined to dismiss *sua sponte,* we believe it must afford the plaintiff certain minimal procedures as established by the Court in *Tingler* [*v. Marshall,* 716 F.2d 1109 (6th Cir.1983) ] as follows:
>
> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its

reasons for the dismissal. *Id.* pp. 1111–1112.

*Gall,* 725 S.W.2d at 869.

The holding in *Gall,* with respect to minimal due process requirements, was reaffirmed in *Storer.* In *Storer,* the court noted: "In *Gall v. Scroggy, supra,* we discussed the policy reasons which dictate against a court dismissing a complaint without a motion or notice of such intent. Most significant to us was the loss, or the appearance thereof, of the court's detachment and its assumption of an adversarial role." *Storer,* 850 S.W.2d at 341. The court emphasized that it "clearly attempted to discourage *sua sponte* dismissals under CR 12.02 in *Gall,* and provided a list of 'minimal procedures' 'in order to ensure due process . . . .'" *Id.* (quoting *Gall,* 725 S.W.2d at 869). Although answers had been filed in *Storer,* whereas none had been filed in *Gall,* the court nevertheless found this distinction immaterial and held that the trial court's *sua sponte* grant of judgment for the appellees on the merits, without a motion for dismissal by any party, or briefs or arguments on the issues, violated the plaintiff's due process rights. *Id.* at 341–42.

More recently, a trial court's *sua sponte* grant of summary judgment, on the basis that the appellants lacked standing, was held to be proper where the issue of standing had been extensively briefed and argued by all parties. *See Fourroux,* 148 S.W.3d at 305. In *Fourroux,* the court distinguished the situation therein from that of *Storer Communications,* on the basis that the parties in *Fourroux* had an opportunity to present their arguments to the trial court. *See id.*

In the present case, the trial court *sua sponte* dismissed Doster's complaint, without a motion for dismissal or summary

judgment by any party, and without providing notice of its intent to dismiss and affording the parties an opportunity to respond. Irrespective of the merits of Doster's due process claim relating to his resident record card, as to which we express no opinion, we find that the court improperly *sua sponte* dismissed his complaint without following the minimal due process procedures set forth in *Gall*.[3]

The order of the Franklin Circuit Court is vacated and this case is remanded to that court for further proceedings.

ALL CONCUR.

---

**3.** Arguably, this issue might be subject to harmless error analysis under CR 61.01. *However, no case has been cited in which the* harmless error doctrine has been applied to circumstances such as those presently before us.