RENDERED: JUNE 11, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0014-MR

TIMOTHY BRADLEY YATES, JR.,
AS EXECUTOR FOR AND ON BEHALF
OF THE ESTATE OF DOROTHY J. YATES                    APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE AUDRA ECKERLE, JUDGE
ACTION NO. 19-CI-005340


BLUEGRASS LAND TITLE, LLC                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE: Appellant Timothy Yates challenges an order dismissing his

complaint against appellee Bluegrass Land Title, LLC for failure to state a claim

upon which relief can be granted. Having considered appellant Yates' arguments

for reversal in light of established caselaw, we affirm the order granting Bluegrass

Title's CR[1] 12.02(2) motion to dismiss Yates' claim of tortious interference with contract.

FACTS

In August 2019, appellant Timothy Yates, in his capacity as executor of the estate of Dorothy Yates,[2] filed a complaint against Bluegrass Title and others based upon an agreement between Dorothy and Bernita Miller. The complaint alleged that the June 28, 2018, agreement between Dorothy and Miller dictated the terms of a sale of a residence they owned jointly with right of survivorship. Among other things, the agreement provided: 1) that the parties agreed to sell the subject real estate; 2) that the net proceeds from the sale would be divided equally between Dorothy and Miller; and 3) that the terms and conditions of the agreement would survive the death of either Dorothy or Miller, the joint survivorship owners. On July 12, 2018, Dorothy and Miller entered into a residential sales contract to sell the subject property to Latonia Estes. After Dorothy died on August 12, 2018, the subject property was in fact sold to Ms. Estes on September 6, 2018, for $130,000, with Bluegrass Title performing the closing services.

---

[1] Kentucky Rule of Civil Procedure.

[2] Because the appellant and his decedent share the same last name, for purposes of clarity, we will refer to the decedent Dorothy Yates as "Dorothy."

Of particular pertinence to this appeal, the complaint alleged that despite having been provided a signed copy of the proceeds-splitting[3] agreement prior to the closing, Bluegrass Title nevertheless disbursed the entire sale proceeds to Miller without notice to counsel, Dorothy's representatives, or the real estate agent who had been engaged to sell the property. Based upon these facts, the complaint asserted claims of breach of contract and tortious interference with contractual relations against Bluegrass Title.

In lieu of an answer, Bluegrass Title filed a CR 12.02 motion to dismiss the claims against it for failure to state a claim upon which relief could be granted. With respect to the breach of contract claim, Bluegrass Title alleged that it failed as a matter of law in that: 1) it was not in privity with either party to the agreement; and 2) because it had not signed the proceeds-splitting agreement concerning the sale of real property, an allegation that it breached the agreement would run afoul of the statute of frauds set out in KRS[4] 371.010. Bluegrass Title also asserted that the tortious interference claim failed as a matter of law because there was no allegation that it induced or otherwise caused Miller to fail to perform

---

[3] As an initial matter, we note that throughout his brief Yates refers to the agreement between Dorothy and Miller as a partition agreement. It was not. After setting forth their agreement to sell the subject property and list it with a specific realtor, the contract provides for a 50/50 division of the proceeds after sale, nothing more. The contract makes no mention of an agreement to partition the subject real property and nothing in the language employed to effect the division of proceeds can in any way be construed as an attempt to partition the property.

[4] Kentucky Revised Statute.

the proceeds-splitting contract with Dorothy's estate. After the trial court granted the motion to dismiss the claims against Bluegrass Title and subsequently made its order final and appealable, Yates prosecuted this appeal as to the dismissal of the tortious interference with contract claim.[5]

## STANDARD OF REVIEW

"It is well settled in this jurisdiction when considering a motion to dismiss under [CR 12.02], that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Mims v. Western-Southern Agency, Inc*., 226 S.W.3d 833, 835 (Ky. App. 2007) (citing *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citing *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)). Finally, this Court made clear in *James v. Wilson* that "[t]he court should not grant the motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." 95 S.W.3d 875, 883-84 (Ky. App. 2002) (citations omitted). Accordingly,

---

[5] Yates states in his brief that the breach of contract claim was asserted against Miller, not Bluegrass Title. Thus, dismissal of the breach of contract claim against Bluegrass Title is not addressed in this appeal.

the critical inquiry is whether "if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" *Id*. at 884. With these principles in mind, we turn to an analysis of Yates' arguments for reversal.

## ANALYSIS

The Restatement (Second) of Torts § 766 (1979), adopted by our Supreme Court in *National Collegiate Athletic Association By & Through Bellarmine College v. Hornung*, 754 S.W.2d 855, 858 (Ky. 1988), sets forth the legal requirements to prevail upon a claim of intentional interference with an existing contract:

> One who **intentionally and improperly interferes** with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

RESTATEMENT (SECOND) OF TORTS § 766 (1979) (emphasis added). Yates argues in this appeal that Bluegrass distributed all of the net proceeds from the sale of the residence to Miller, in direct contravention of her agreement to equally split the sale proceeds. In so doing, Yates contends that Bluegrass improperly interfered with Dorothy's rights under the agreement and induced or otherwise caused Miller to breach their agreement as to the allocation of the sales proceeds.

Relying upon *Harrodsburg Industrial Warehousing, Inc. v. MIGS, LLC*, Yates insists that the facts alleged in the complaint were sufficient to withstand the CR 12.02 motion by satisfying the elements necessary to establish a tortious interference claim:

> In determining whether "interference" should be considered improper, we are guided by the factors of *Restatement (Second) of Torts* § 767 (1979):
>
> (a) the nature of the actor's conduct,
>
> (b) the actor's motive,
>
> (c) the interests of the other with which the actor's conduct interferes,
>
> (d) the interests sought to be advanced by the actor,
>
> (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
>
> (f) the proximity or remoteness of the actor's conduct to the interference and
>
> (g) the relations between the parties.

182 S.W.3d 529, 534 (Ky. App. 2005). Accepting the allegations set out in the complaint as true, and applying these factors to those allegations, we conclude as a matter of law that Bluegrass's act of distributing the sale proceeds to the sole surviving joint tenant did not constitute interference with the contract to equally divide the net proceeds.

As this Court's opinion in *Harrodsburg Industrial Warehousing* makes clear, in order to demonstrate improper interference Yates must assert facts which if true, demonstrate that Bluegrass acted maliciously or engaged in wrongful conduct. *Id*. Like the trial court, we find nothing in the complaint which satisfies that requirement. The complaint contains no allegation that Bluegrass intended to cause Miller to breach the agreement to divide the proceeds with Dorothy; no allegation that Bluegrass acted with malice in distributing the sales proceeds to Miller, the sole owner at the time of closing; and no allegation that the distribution of the sale proceeds to the sole owner actually caused Miller to subsequently breach her agreement to divide the proceeds with Dorothy. Under the facts alleged, we find no interference with Dorothy's contractual relations with Miller, let alone *improper* interference.

> Further, as the Supreme Court emphasized in *Hornung:*
>
> it is clear that to prevail a party seeking recovery must **show malice or some significantly wrongful conduct**. In *Prosser and Keeton on Torts* § 130 (W.P. Keeton ed. 5th ed.1984), this is stated as follows:
>
>> [T]he [interference] cases have turned almost entirely upon the defendant's motive or purpose, and the means by which he has sought to accomplish it . . . .
>>
>> [S]ome element of ill will is seldom absent from intentional interference; **and if the defendant has a legitimate interest to protect, the addition of a spite**

> **motive usually is not regarded as sufficient to result in liability.**

754 S.W.2d at 859 (emphases added). Bluegrass Title had a legitimate interest in performing the closing according to law of this Commonwealth regarding survivorship interests in real property and in distributing the sale proceeds in accord with its good faith assessment of the requirements of the deed and chain of title.

The unrecorded proceeds-splitting agreement between Dorothy and Miller does not alter the fact that, upon Dorothy's death, title to the property vested in Miller alone. Bluegrass Title was therefore obliged to distribute the proceeds from the sale of the property according to the dictates of the deed which provided:

> That for valuable consideration paid in the amount of $149,000.00 to the party of the first part, the receipt of which is hereby acknowledged, the party of the first part hereby conveys with covenant of GENERAL WARRANTY, unto the parties of the second part [Dorothy Y. Yates, David Wohner, Jr., and Bernita Miller], **for their joint lives, remainder in fee simple to the survivor of them,** the following described real estate. . . .

(Emphasis added.) Mere knowledge of the existence of a proceeds-splitting agreement, extraneous to the chain of title, did not authorize Bluegrass Title to withhold sale proceeds from the fee simple title holder. Nor did it require Bluegrass Title to interpret and insure Miller's performance of her agreement with Dorothy.

Finally, as Bluegrass Title asserts, Yates attempts to inject into this appeal issues of fiduciary duty which were not presented to the trial court.  Yates alleges that Bluegrass Title had a fiduciary duty to Dorothy because she was a party to the sales agreement.  Suffice it to say that had Dorothy survived to the date of closing, Bluegrass Title would have been obliged to divide the proceeds equally among the joint owners.  However, that is not the case before us.

In sum, nothing alleged in the complaint, even if proven, would entitle Yates to relief against Bluegrass Title.  Proof of payment of sale proceeds to the record title holder would not support a finding that Bluegrass Title enabled or induced Miller to breach her separate agreement to split the proceeds with Dorothy, nor could a good-faith performance of its closing duties be construed to be improper or malicious.

Accordingly, the order of the Jefferson Circuit Court dismissing the complaint against Bluegrass Title is affirmed.

JONES, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE A SEPARATE OPINION.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

J. Gregory Joyner
Louisville, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEE:

Parker M. Wornall
Jonathan H. Matthews
Louisville, Kentucky