RENDERED: APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0683-MR

ANGELA J. WATKINS                                                    APPELLANT

v.                    APPEAL FROM FAYETTE CIRCUIT COURT
                      HONORABLE CARL D. DEVINE, JUDGE
                      ACTION NO. 22-CI-00968

VANNA R. BRITTAIN; ALEXUS T.
WALKER; AND DEMONTREY A.
NEAL                                                                 APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: ACREE, DIXON, AND JONES, JUDGES.

JONES, JUDGE: Appellant, Angela Watkins, *pro se*, appeals from an order of the

Fayette Circuit Court *sua sponte* denying her petition for grandparent visitation.

Because the circuit court improperly dismissed the petition *sua sponte*, we vacate

and remand for further proceedings.

# I. BACKGROUND

Appellant ("Watkins") is the maternal grandmother of the minor child, J.N. Appellees, Demontrey Neal and Alexus Walker, are the biological parents of J.N. Appellee ("Brittain") is the paternal great-grandmother. During the pendency of a juvenile matter involving the child in 2017, Brittain was awarded permanent sole custody of the child, with visitation afforded to the biological parents.

On September 2, 2021, Watkins filed her first petition for grandparent visitation. Brittain filed a motion to dismiss the petition. The circuit court conducted a hearing on November 5, 2021, and subsequently entered an order including findings of fact which granted Brittain's motion and dismissed the petition on November 23, 2021. That order was not appealed.

On April 8, 2022, Watkins filed a second petition for grandparent visitation in a new action, Case No. 22-CI-00968. (Record ("R.") at 7.) On May 11, 2022, the circuit court dismissed the petition *sua sponte*, stating that this precise issue had already been heard and dismissed in the previous action.[1] (R. at 14.) This appeal followed. The only appellee's brief received was filed by Brittain.

---

[1] The first action, Case No. 22-CI-02674, was heard by the Honorable Kathy Stein. Watkins filed her second petition following the appointment of the Honorable Carl Devine to the Fayette Circuit Court, Sixth Division.

## II. STANDARD OF REVIEW

We review the dismissal of a petition *de novo*, without deference to the trial court decision, as it is purely a question of law. *See, e.g.*, *Mitchell v. Coldstream Laboratories, Inc.*, 337 S.W.3d 642, 645 (Ky. App. 2010) (adopting a *de novo* standard for review of a motion to dismiss generally); *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (adopting a *de novo* standard of review of a motion to dismiss for failure to state a claim). In this case, the sole issue we consider, as a matter of law, is whether the circuit court properly dismissed this petition for grandparent visitation when it did so *sua sponte* without a hearing or notice to the petitioner. We hold that it did not.

## III. ANALYSIS

Generally, it is improper for circuit courts to dismiss petitions or complaints *sua sponte*, unless the court lacks subject matter jurisdiction. *Storer Communications of Jefferson County., Inc. v. Oldham County Bd. of Educ.*, 850 S.W.2d 340, 342 (Ky. App. 1993); *see also Doster v. Kentucky Parole Bd.*, 308 S.W.3d 231, 233-34 (Ky. App. 2010). There is no question that circuit courts have subject matter jurisdiction over petitions for grandparent visitation; both parties correctly note that KRS[2] 405.021 affords it.

---

[2] Kentucky Revised Statutes.

-3-

Even in the circumstances in which a *sua sponte* dismissal by a circuit court with subject matter jurisdiction may be appropriate, the law prescribes minimum requirements for the circuit court to follow to adhere to the tenets of due process and protect the plaintiff or petitioner from undue prejudice. KY. CONST. § 1-2; U.S. CONST. amend. XIV; *see Fourroux v. City of Shepherdsville*, 148 S.W.3d 303, 305 (Ky. App. 2004). Those minimal procedures include: (1) service of the complaint or petition; (2) notification to all parties of intent to dismiss; (3) providing the petitioner or plaintiff with a chance to amend their pleading or respond to the notification; (4) a chance for the opposing party to respond; (5) and if dismissed, reasons for the dismissal. *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987) (citing *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983)). In applying the *Gall* factors, we have stated that "[w]hile a court might be justified in using its inherent powers to dismiss *sua sponte* for lack of subject matter jurisdiction, it is fundamental that a trial court has no authority to otherwise dismiss claims without a motion, proper notice and a meaningful opportunity to be heard." *Storer Communications*, 850 S.W.2d at 342.

Furthermore, in matters of grandparent visitation, Kentucky courts have held that the need for a circuit court to hold an evidentiary hearing and enter findings of fact is heavily implied by KRS 405.021, though it is not explicitly stated there. *K. C. O. v. Cabinet for Health & Fam. Servs.*, 518 S.W.3d 778, 785

(Ky. App. 2017) (holding that "an evidentiary hearing at which witnesses are subject to cross-examination and after which a judge enters findings of fact and conclusions of law determining the child's best interest will be served by granting visitation, [] appears to be the only reasonable way a grandparent may meet his statutory burden") (footnotes omitted); *see VanWinkle v. Petry*, 217 S.W.3d 252, 258 (Ky. App. 2007) (determining that a circuit court cannot increase grandparent visitation *sua sponte* without a hearing); *see also, e.g.*, *Thomas v. Phillips*, No. 2017-CA-000127-ME, 2018 WL 4191114, at *2 (Ky. App. Aug. 31, 2018) (concluding that a petition for grandparent visitation was improperly dismissed *sua sponte* by the circuit court without conducting an evidentiary hearing or considering the merits of the petition).[3]

## IV. CONCLUSION

In the present case, there was no motion to dismiss before the circuit court, there was no service of the petition, there was no notification of intent of dismissal, and there was no opportunity for Watkins to respond or be heard. Furthermore, the circuit court made no findings of fact, and, most concerningly, there was no hearing of any kind.[4] Since subject matter jurisdiction is not

---

[3] We cite this unpublished opinion for reference as persuasive, nonbinding authority. Rules of Appellate Procedure ("RAP") 41.

[4] We will not consider Brittain's argument that the order of dismissal should be upheld on the basis that the November 23, 2021, order is *res judicata* as to the May 11, 2022, order. Specifically, Brittain maintains that the circuit court rightfully concluded that the second petition

implicated in this case, it is clear that the circuit court erred when it dismissed this petition *sua sponte*. Accordingly, we vacate the May 11, 2022, order and remand this case to the circuit court for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Angela J. Watkins, *pro se*
Nicholasville, Kentucky

BRIEF FOR APPELLEE VANNA R. BRITTAIN:

Janet Humphrey Cole
Nicholasville, Kentucky

---

should be barred by issue and claim preclusion. (Appellee's Brief at 5.) However, *res judicata* is an affirmative defense to be considered by the circuit court after being asserted in a responsive pleading and addressed in a hearing. *See Sedley v. City of W. Buechel*, 461 S.W.2d 556, 559 (Ky. 1970).