RENDERED: NOVEMBER 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1413-MR

DEONDRA KIMBLE                                                    APPELLANT

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
          HONORABLE MELISSA L. BELLOWS, JUDGE
          ACTION NO. 23-CI-006278

KENTUCKY LOTTERY
CORPORATION                                                       APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, L. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: Deondra Kimble ("Kimble") appeals from the Jefferson

Circuit Court's order dismissing her claims for being filed outside the statute of

limitations. We vacate and remand.

## BACKGROUND

Kimble, who is African American, filed a complaint in Jefferson

Circuit Court on October 11, 2023, against her former employer, Kentucky Lottery

Corporation ("KLC"), alleging race discrimination, retaliation, and constructive discharge under the Kentucky Civil Rights Act ("KCRA"), KRS[1] 344.010 *et seq*. According to the complaint, Kimble was subject to "disparate, adverse treatment," including "enhanced scrutiny, critique, and discipline" because of her race. When Kimble protested the hostility increased, leading to her resignation on October 12, 2018.

KLC filed a motion to dismiss Kimble's claims as outside the KCRA's five-year statute of limitations. Attached to the motion was the affidavit of Michele Sullivan, KLC's Vice President of Human Resources, affirming that Kimble voluntarily resigned on September 26, 2018. Also attached to the motion was Kimble's resignation letter, dated September 26, 2018. In the letter, Kimble declared her last day of work would be October 10, 2018. Three days after KLC filed its motion to dismiss, and before Kimble could respond, the circuit court granted the motion.[2] This appeal followed.

---

[1] Kentucky Revised Statutes.

[2] In her brief, Kimble claims she was unaware her claims had been dismissed until after the time to file a Kentucky Rules of Civil Procedure ("CR") 59.05 motion to alter, amend, or vacate had expired. KLC does not seriously challenge this assertion, so we assume it is true for purposes of appeal.

## STANDARD OF REVIEW

It appears the circuit court considered matters outside the pleadings when dismissing Kimble's claims;[3] therefore our review will proceed under the summary judgment standard. *See* CR 12.02; *D.F. Bailey, Inc. v. GRW Engineers, Inc.*, 350 S.W.3d 818, 820-21 (Ky. App. 2011) (citations omitted) (noting a trial court "may properly consider matters outside of the pleadings in making its decision [on a motion to dismiss]. However, reliance on matters outside the pleadings by the court effectively converts a motion to dismiss into a motion for summary judgment."). Accordingly, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

---

[3] Although the circuit court did not explain its reasoning, KLC's motion to dismiss was based upon the KCRA's five-year statute of limitations. KLC argued the statute of limitations on Kimble's constructive discharge claim began to run on the date she tendered her resignation, September 26, 2018. It argued the statute of limitations began to run on her discrimination and retaliation claims, at the latest, on her last day of work, as stated in the resignation letter, October 10, 2018; but, Kimble's complaint alleged she resigned on October 12, 2018. Viewing the evidence in the light most favorable to Kimble, the statute of limitations began to run on October 12, 2018, and her claims were timely. To dismiss Kimble's claims on statute of limitations grounds, the circuit court necessarily considered (and accepted as true) the dates supplied in the affidavit and letter of resignation attached to the motion to dismiss.

## ANALYSIS

Kimble argues the circuit court violated her due process rights when it dismissed her claims without giving her notice and the opportunity to respond to the motion as required by our civil rules. She also contends the court failed to follow Jefferson Rules of Practice ("JRP") 401 when it did not allow her twenty days to respond before ruling on the motion to dismiss. KLC counters that the dismissal was proper, citing *Sosa v. State Farm Insurance*, No. 2005-CA-001864-MR, 2006 WL 2191131, at *2 (Ky. App. Aug. 4, 2006).

In *Sosa*, we declined to reverse a trial court's grant of a motion to dismiss (treated as a motion for summary judgment) on due process grounds. Relying upon language from *Sosa*, KLC argues that even if Kimble had an opportunity to respond to the motion to dismiss, "there are no legal or factual grounds which [s]he could have presented that could have changed the outcome in h[er] favor." *Id.* at *2. Kimble leans upon this same language and maintains that she could have presented evidence that her complaint was filed within the statute of limitations. She contends that the last instance of discrimination or retaliation occurred on October 12, 2018 – her last day of work as alleged in the complaint. Thus, her claims, filed on October 11, 2023, were timely.

We have found no published Kentucky case addressing the propriety of granting a motion to dismiss without allowing the non-moving party the

opportunity to respond.[4]  Most unpublished cases considering the issue have found

such a reversible error.  *See Word of God Fellowship, Inc. v. Bob Rodgers*

*Ministries, Inc.*, No. 2021-CA-1388-MR, 2022 WL 4390885 (Ky. App. Sep. 23,

2022); *Grim v. Republic Bank & Tr. Company*, No. 2016-CA-000012-MR, 2018

WL 3090444 (Ky. App. June 22, 2018); *Gaines v. Nichols*, No. 2011-CA-000413-

MR, 2011 WL 6260365 (Ky. App. Dec. 16, 2011); *Froman v. Taylor*, No. 2003-

CA-002782-MR, 2005 WL 327111 (Ky. App. Feb. 11, 2005).  The two exceptions

are *Sosa* and *Abbott v. Kentucky Department of Corrections*, 2017-CA-000459-

MR, 2018 WL 2277494 (Ky. App. May 18, 2018), which both held a trial court's

dismissal without notice and opportunity to be heard is harmless error.[5]

The United States and Kentucky Constitutions protect against the

deprivation of liberty and property without due process of law.[6]  Notice and the

---

[4] There are, however, published cases dealing with a lack of notice and opportunity to be heard in the context of *sua sponte* dismissals.  *See, e.g.*, *Storer Communications of Jefferson Cnty., Inc. v. Oldham Cnty. Bd. of Educ.*, 850 S.W.2d 340 (Ky. App. 1993)**;** *Gall v. Scroggy*, 725 S.W.2d 867 (Ky. App. 1987).

[5] The exact basis of our Court's holding in *Sosa* is somewhat unclear.  In affirming the trial court's dismissal, we noted "Sosa has not cited any authority to support his argument that this early entry of a final order amounted to deprivation of due process."  *Sosa*, 2006 WL 2191131, at *2.  We also held that even if Sosa had been allowed to respond, "there are no legal or factual grounds which he could have presented that could have changed the outcome in his favor."  *Id.* Thus, it is unclear if *Sosa* went so far as to find no error, or simply harmless error.

[6] The Fourteenth Amendment to the United States Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  Section 2 of the Kentucky Constitution provides that "[a]bsolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority."

-5-

opportunity to respond are among the "minimal procedures" that ensure due process. *Storer Communications of Jefferson Cnty., Inc. v. Oldham Cnty. Bd. of Educ.*, 850 S.W.2d 340, 341 (Ky. App. 1993). These constitutional requirements are embodied in our civil rules as well. Under CR 12 and CR 56, motions to dismiss and motions for summary judgment "must be served on non-moving parties, who are given time to respond, and a hearing is required." *Storer*, 850 S.W.2d at 342.

Further, CR 12.02 provides in pertinent part:

> If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, *and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*

(Emphasis added.) Here, KLC tendered an affidavit and Kimble's resignation letter in support of its motion to dismiss, and the circuit court relied upon them, effectively converting the motion into one for summary judgment. Under CR 12.02, Kimble should have been "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Similarly, JRP 401 provides that "[a]n opposing party shall have twenty (20) days from the certification date on the motion [to dismiss or for summary judgment] to respond." In an unpublished case, *Gaines v. Nichols*, No.

-6-

2011-CA-000413-MR, 2011 WL 6260365, *3 (Ky. App. Dec. 16, 2011), this Court held "JRP 401 carries the force of a Kentucky Rule of Civil Procedure, and that [plaintiffs] were not availed of the full 20 day period to respond to the motions to dismiss." We reversed the circuit court's order dismissing the plaintiffs' claims and remanded for further proceedings.[7] Here, KLC filed its motion to dismiss, and the circuit court granted it three days later. As with our civil rules, Kimble should have been afforded the protections of JRP 401 and allowed to respond to the motion to dismiss.

We pass no judgment on whether Kimble's claims will ultimately be barred by the statute of limitations, only that she must be afforded the chance to respond to KLC's legal arguments and raise any factual dispute bearing on the question.

**CONCLUSION**

Accordingly, we vacate the Jefferson Circuit Court's order and remand with instructions to allow Kimble to respond to the motion and comply with the provisions of CR 56 and JRP 401.

ALL CONCUR.

---

[7] We cite this unpublished opinion, not as binding authority, but for consideration of the underlying point of law. *See* Kentucky Rule of Appellate Procedure 41(A).

BRIEFS FOR APPELLANT:

Robyn Smith
Preston J. Spicer
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jan M. West
Prospect, Kentucky