**SOUTH CENTRAL KENTUCKY PROPERTIES, INC.**
Appellant

v.

**COMMONWEALTH of Kentucky, Department of Transportation and Commonwealth of Kentucky, Energy and Environmental Cabinet Appellees**

NO. 2015–CA–001486–MR

Court of Appeals of Kentucky.

JANUARY 27, 2017; 10:00 A.M.

BRIEFS FOR APPELLANT: Laurence J. Zielke, Karen C. Jaracz, Louisville, Kentucky

BRIEF FOR APPELLEE, COMMONWEALTH OF, KENTUCKY, DEPARTMENT OF TRANSPORTATION: Stewart C. Burch, Frankfort, Kentucky

BRIEF FOR APPELLEE COMMONWEALTH OF KENTUCKY, ENERGY AND ENVIRONMENTAL CABINET: Daniel C. Cleveland, John S. West, Frankfort, Kentucky

BEFORE: COMBS, MAZE AND STUMBO, JUDGES.

## OPINION

STUMBO, JUDGE:

South Central Kentucky Properties, Inc. ("South Central") appeals from an Opinion and Order of the Franklin Circuit Court dismissing its action against the Commonwealth of Kentucky, Department of Energy and Environment Cabinet, and from an Opinion and Order granting Summary Judgment in favor of the Commonwealth of Kentucky, Department of Transportation.[1] South Central argues that the circuit court erred in failing to conclude that 1) the Department of Transportation ("DOT") violated provisions of the Kentucky Constitution by allowing a DOT contractor to dump waste material into a DOT easement, thus constituting a taking without compensation, and 2) the Energy and Environmental Cabinet ("EEC") violated Kentucky's administrative law by allowing the DOT to dump the waste material and in failing to conduct a hearing or offer any substantive response. For the reasons stated below, we find no error and AFFIRM the Orders on appeal.

Appellant, South Central, owns a parcel of real property situated in Cave City, Kentucky, upon which was a hotel constructed of cinder blocks. South Central began the process of demolishing the hotel. As part of that effort, South Central sought to dump cinder blocks and other debris into a sinkhole on the parcel. According to South Central, rain water would pool in the sinkhole creating a hazard, and adding the debris would mitigate the hazard while providing a cost-effective means of disposing of the debris.

---

1. It appears that the correct name of Appellee Commonwealth of Kentucky, Department of Transportation is Commonwealth of Kentucky, Transportation Cabinet; however, as the Appellant, the pleadings, and the Franklin Circuit Court have employed the name "Department of Transportation", we will utilize that name so that there might be continuity in the record.

South Central contacted the EEC requesting permission to dump the debris in the sinkhole. The EEC responded with a letter denying the request. On April 28, 2014, South Central sent another letter to the EEC restating its request. The EEC did not respond.

The DOT has a drainage easement and right-of-way over the entire area encompassing the sink hole. In the summer of 2014, and with the DOT's consent, a DOT road project contractor began dumping construction debris into the sinkhole.

On July 14, 2014, South Central filed the instant action against the DOT and EEC in Franklin Circuit Court. It argued that the EEC committed an improper regulatory taking by refusing South Central's request to dispose of demolition waste in the sinkhole, while then allowing the DOT to alter the sinkhole with similar material. It further alleged that the DOT effectively limited the number of beneficial uses to which it could use the parcel, thus resulting in an improper taking.

On May 7, 2015, the EEC moved to dismiss the action, arguing that South Central failed to exhaust its administrative remedies as required by statute. The following month, the Franklin Circuit Court rendered an Order sustaining the Motion to Dismiss the EEC. As a basis for the Order, the Court found that South Central "did not exhaust its administrative remedies. Plaintiff failed to file for a permit to dispose of the inert concrete blocks under 401 KAR[2] 47:110. Thus, Plaintiff never started a process for administrative determination."

On July 10, 2015, the DOT moved for Summary Judgment arguing that an inverse condemnation had not taken place because just compensation had been paid to South Central's predecessors in interest

in exchange for the easement. South Central responded by arguing that the DOT had exceeded the scope of its easement, resulting in an improper restriction of South Central's beneficial uses of the parcel. On considering the matter, the court noted that neither party had introduced into the record any documents circumscribing the scope of the drainage easement. It found, however, that a February 12, 1976 Commissioner's Deed provided that South Central's predecessor in interest conveyed to the DOT real property and real property rights connected with "the Highway Project".

Ultimately, the court found that by dumping debris into the sinkhole, the DOT acted within the scope of its easement because it had the effect of improving the drainage of water into the sinkhole. By way of an Opinion and Order rendered on September 4, 2015, the court sustained the DOT's Motion for Summary Judgment and this appeal followed.

South Central now argues that the Franklin Circuit Court erred in dismissing the EEC and rendering Summary Judgment in favor of the DOT. It contends that the servient estate may use its property for any purpose that does not interfere with the DOT's draining and that the DOT exceeded the scope of its drainage easement. South Central goes on to argue that the DOT committed an unconstitutional taking without compensation and that the dismissal of its claim against the EEC allows any agency to avoid liability through simple inaction and stonewalling. In sum, South Central argues that the Franklin Circuit Court erred in the disposition of its action. It seeks an Opinion reversing the Orders on appeal and remanding the matter to determine just

---

**2.** Kentucky Administrative Regulation.

compensation or for a ruling ejecting the DOT from the parcel.

■ The first question for our consideration is whether the Franklin Circuit Court erred in sustaining the EEC's Motion to Dismiss. It is well-established that the exhaustion of administrative remedies is a jurisdictional prerequisite before a trial court can adjudicate claims asserted against the agency. *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 468–69 (Ky. 2004). The EEC regulates waste sites via permits issued pursuant to Kentucky Administrative Regulations Chapters 30–49. The Division of Waste Management's Solid Waste Branch ("SWB") undertakes the responsibility for reviewing and issuing solid waste disposal permits. The dispositive question before us is whether South Central initiated the administrative process and then exhausted those remedies before bringing its action in Franklin Circuit Court. We must answer this question in the negative.

The record reveals that South Central contacted the EEC's field office regarding the demolition project, to which an EEC inspector responded that the disposal of demolition waste in an unpermitted sinkhole "could" result in violations. South Central did not file any application, formal request or plans with the EEC, and the EEC inspector's response to South Central's inquiry did not result in the issuance of a complaint or an order to abate any activity. Rather, the inspector's response might properly be characterized as advisory. The Franklin Circuit Court determined that South Central never initiated an administrative process; therefore, no administrative remedies could have been exhausted. This conclusion is supported by the record and the law.

When a trial court is considering a CR [3] 12.02 Motion to Dismiss, the pleadings should be construed in a light most favorable to the plaintiff and the allegations presumed to be true. *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987). The court should not grant the Motion unless it appears that the plaintiff would not be entitled to relief under any set of facts in support of the claim. *Mims v. Western–Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007). Appellate courts consider the matter *de novo* as a question of law. *D.F. Bailey, Inc. v. GRW Eng'rs, Inc.*, 350 S.W.3d 818, 820 (Ky. App. 2011). In reviewing the matter before us *de novo*, we conclude that South Central did not initiate or exhaust its administrative remedies. We are not persuaded by South Central's contention that the EEC's response constitutes a constructive final agency action sufficient to trigger judicial review. We find no error on this issue.

The second issue for our consideration is whether the Franklin Circuit Court committed reversible error in sustaining the DOT's Motion for Summary Judgment. South Central argues that the circuit court improperly failed to find that it may use its property for any purpose that does not interfere with the DOT's drainage easement, that the DOT exceeded the scope of its easement, and that this usage is tantamount to an unconstitutional taking without compensation. South Central maintains that the DOT violated Sections 13 and 242 of the Kentucky Constitution by denying South Central the beneficial use of its property, and that its act of allowing its contractors to enter upon the parcel constitutes an inverse condemnation pursuant to *Cary v. Pulaski Cty. Fiscal Court*, 420 S.W.3d 500, 517 (Ky. App. 2013).

■ In addressing these arguments, the Franklin Circuit Court first noted that

---

**3.** Kentucky Rule of Civil Procedure.

while South Central is the fee owner of the property surrounding the sink hole, it does not have the absolute right to use the parcel. It based this finding in part on the parties' agreement that the predecessor title holders had conveyed to the Department of Highways (now DOT) certain property rights in connection with an ongoing highway project in the area at the time. The court began its analysis with the recognition that the DOT did possess and maintain an easement over the sinkhole to affect water drainage.

In examining these issues, the Franklin Circuit Court focused on the finding that the DOT, by dumping inert debris into the sinkhole, was acting within the scope of its easement because adding such debris had the effect of improving the draining of water. We conclude that this finding is supported by the record. The parties agree that that the DOT was granted a drainage easement on the area including the sinkhole, and the DOT's dumping of inert debris into the sinkhole is reasonably associated with the maintenance of the drainage.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

When viewing the record in a light most favorable to South Central and resolving all doubts in its favor, we conclude that the trial court correctly found that there were no genuine issues as to any material fact and that the DOT was entitled to a judgment as a matter of law. The parties agree that the DOT possesses a drainage easement on the sinkhole and its contractor's act of dumping inert debris in the sinkhole is reasonably associated with the maintenance of that easement. Accordingly, we find no error.

For the foregoing reasons, we AFFIRM the Opinions and Orders of the Franklin Circuit Court dismissing the EEC and granting Summary Judgment in favor of the DOT.

ALL CONCUR.