Fred HINES et al., Appellants,

v.

PINCHBACK–HALLORAN VOLKSWAGEN,
INC., et al., Appellees.

Court of Appeals of Kentucky.

June 28, 1974.

Rehearing Denied Oct. 4, 1974.

Robin Griffin, H. Wayne Riddle, Miller, Griffin & Marks, Lexington, for appellants.

Weldon Shouse, J. B. Murphy, Asst. Fayette County Atty., Lexington, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment affirming the rezoning of a tract of land located at the intersection of U. S. Highway 68 and Kentucky Highway 4 in Fayette County, Kentucky. The rezoning was accomplished by amendment of the zoning map. KRS 100.213.

Appellee, Pinchback-Halloran Volkswagen, Inc., together with certain other automobile dealers, sought to develop an auto

park which would centralize various new-car dealerships in a single location. After engineering and development plans were prepared, application was made to the Lexington-Fayette Planning Commission, pursuant to KRS 100.211, to change the zone classification of the land from R–1B, which permitted only residential uses, to B–3, which would permit the operation of automobile businesses.

The zoning committee, the subdivision committee, and the staff of the Planning Commission independently reviewed the proposal and recommended that the commission approve the application.

The commission held a public hearing and made its recommendations to the fiscal court as follows:

"1. The proposed use would be appropriate for this property because of its location to the existing highway system.

"2. There is a need in the community for additional land which could be used for large integrated business developments rather than stripping our arterial streets with commercial uses.

"3. This recommendation is made subject to the approval of the development plat showing appropriate screening and lighting and signing which is not offensive.

"4. This recommendation is made subject to the neighborhood plan being amended to show this area suitable for business uses. (Amended by Planning Commission 7/20/72)."

After receiving the recommendations of the Planning Commission, the fiscal court advertised that it would conduct a public hearing. At that hearing the parties were represented by counsel and eleven witnesses were sworn and testified. The fiscal court was acting in an adjudicatory rather than a legislative capacity. City of Louisville v. McDonald, Ky., 470 S.W.2d 173 (1971). The fiscal court granted the zoning change as follows:

"NOW, THEREFORE, BE IT RESOLVED by the Fayette County Fiscal Court that the said request of Pinchback-Halloran, Inc., for a zone change from single family residence (R–1D) to a highway service business zone (B–3) for a net 31 acres described in said petition be approved for the reason that the same is in agreement with the Community's Comprehensive Plan (land use)."

The finding of the fiscal court that the change in zoning was in agreement with the community's comprehensive plan is the finding of an ultimate fact and merely parrots the language of the statute. We held such a finding inadequate in Caller v. Ison, Ky., 508 S.W.2d 776 (Decided May 3, 1974). We do not base our decision here however upon the failure of the fiscal court to make adequate basic findings because we think the evidence in the record before us does not support the finding of ultimate fact by the fiscal court.

The Planning Commission had adopted a comprehensive plan pursuant to KRS 100.-183. One of the elements of a comprehensive plan is a *land-use plan* "which shall show proposals for the most appropriate, economic, desirable and feasible patterns for the general location, character, extent, and interrelationship of the manner in which the community should use its public and private land at specified times as far into the future as is reasonable to foresee. Such land uses may cover, without being limited to, public and private, residential, commercial, industrial, agricultural and recreational land uses." KRS 100.187(2).

A comprehensive plan cannot be adopted by the Planning Commission without compliance with the research requirements of KRS 100.191 and the holding of a public hearing as required by KRS 100.197. The procedure for amendment of the comprehensive plan is the same as for the adoption of the original plan. KRS 100.-197.

The original comprehensive plan has not been amended so far as this record shows. There was evidence that the Planning Commission on the same date that it recommended this zoning change also amended a "neighborhood development plan" which included the subject property to permit highway business uses. There is some indication that upon the basis of the amendment of the neighborhood development plan the fiscal court determined that the change of zoning was then in agreement with the comprehensive plan.

The statute makes no provision for a neighborhood development plan. It was described by a witness as a refinement of the land-use plan and is referred to in the brief of appellee as synonymous with the comprehensive plan.

■ If the neighborhood development plan is synonymous with, or a part of, the land-use plan it cannot be amended without undergoing the procedure required for the adoption of the original use plan in the first instance and the attempt at amendment was an attempt to circumvent the requirements of the statute. If the neighborhood development plan was something apart from the land-use plan, it could not have any effect upon this litigation.

KRS 100.213 provides as follows:

"Before any map amendment is granted, the planning commission or the legislative body or fiscal court must find that the map amendment is in agreement with the community's comprehensive plan, or, in the absence of such a finding, that one or more of the following apply and such finding shall be recorded in the minutes and records of the planning commission or the legislative body or fiscal court.

"(1) That the original zoning classification given to the property was inappropriate or improper.

"(2) That there have been major changes of an economic, physical or social nature within the area involved which were not anticipated in the community's comprehensive plan and which have substantially altered the basic character of such area."

■ This statute was enacted in 1966. Its obvious purpose was to require zoning to conform to the basic scheme of prior planning, City of Louisville v. Kavanaugh, Ky., 495 S.W.2d 502 (1973), and to prohibit indiscriminate ad hoc zoning changes which do not conform to the original comprehensive plan. The statute purports to grant some exception where (1) the original zoning classification was inappropriate, or (2) there have been major changes in the area involved which were not anticipated in the comprehensive plan and which have substantially altered the basic character of the area.

■ There was no evidence that either of these two conditions prevailed in this case. It follows therefore that no map amendment change of zoning can stand unless the change is in agreement with the comprehensive plan.

The land-use plan, an element of the comprehensive plan, was introduced in evidence at the hearing before the fiscal court by Frank Thompson, the Director of Planning Services in charge of processing zone-change applications. The circumstances of the introduction were as follows:

"Q. 21 I would like to file this, subject to it remaining at the Planning Commission office, and if it does go to court, bring it to the proceeding.

"MR. SHOUSE: Yes, that's fine.

"MR. GRIFFIN: Just keep it at the commission. Land-use plan to remain at Planning Commission office and in the event of court proceedings shall be marked 'opponent's exhibit I'."

The land-use plan was not made a part of the proceedings in circuit court and

there is no indication in the record that it was considered by the trial court. It is not in the record on this appeal.

Notwithstanding the fact that the land-use plan itself is the best evidence of what it contains, a witness was permitted to testify without objection that the land-use plan classified the subject property for residential usage. That is the only evidence in the record as to the contents of the land-use plan.

■ The zoning of property for commercial or highway business usage is, on its face, in disagreement with a plan that designates residential usage for the property. Thus there was no evidence heard by the fiscal court upon which it could validly make a finding that the zoning change was in agreement with the comprehensive plan unless there is something contained in the land-use plan which would justify that finding.

We therefore vacate the judgment herein and remand the case to Fayette Circuit Court with directions that the judge thereof consider the land-use plan introduced by the witness Frank Thompson at the hearing before the Fayette Fiscal Court. If that plan contains matters which support the finding of the fiscal court that the zoning change is in agreement with the comprehensive plan the judge shall make additional findings of fact setting forth those matters and reinstate the judgment. If the land-use plan does not provide support for the findings made by the fiscal court a new judgment shall be entered setting aside the action of the fiscal court granting the application for the change in zone classification.

The judgment is vacated and the case remanded for further proceedings consistent with this opinion.

OSBORNE, C. J., and REED, PALMORE, JONES and MILLIKEN, JJ., concur.

STEINFELD, J., dissents and files a dissenting opinion.

STEINFELD, Justice (dissenting).

Appellants Fred Hines, et al. appealed to the circuit court without bringing to that court, as a part of the record on that appeal, the land-use plan referred to by the witness Frank Thompson. The same parties appealed to this court without attempting to include in the record that document on which they bottom their entire case to show that the change of zoning made by the fiscal court was not authorized by the comprehensive plan.

Have we overruled such cases as Steele's Adm'r v. Hillman Land & Iron Co., Ky., 114 S.W. 311 (1908), in which it was written, "The absence of evidence upon any material point is as fatal to him who has the onus as the absence of all evidence would be"? I believe we should hold that we cannot consider appellants' contention that the action of the fiscal court was not harmonious with the comprehensive plan.

It is my opinion that a dangerous precedent is set by the procedure fashioned by the opinion of the court in authorizing the complaining litigant to fill a gap at this late date in the litigation. I respectfully dissent.