RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1054-MR


PISGAH COMMUNITY HISTORICAL
ASSOCIATION, INC.; ABE FOSSON;
AMI SELF; ANN HAYES; ANNE
KEOGH; CARRIE FARRIS; DAN
ROSENBERG; DONNA ALLEN; ED
ROSS; ERIC SELF; FRANCES ROSS;
JUDY WELLS; KATHLEEN GROSS;
MARGARET DUNLAP; MICHAEL
MCMAHON; NATANYA
MCMAHON; NEIL FARRIS; SALLE J.
COCHRAN; SUSAN FOSSON;
WHITNEY DUNLAP, III; AND
WILLIAM FISHBACK                                                    APPELLANTS


                    APPEAL FROM WOODFORD CIRCUIT COURT
v.          HONORABLE JEREMY MICHAEL MATTOX, JUDGE
                         ACTION NO. 16-CI-00227


BRIAN TRAUGOTT, IN HIS
CAPACITY AS MAYOR OF
VERSAILLES, KENTUCKY;
ALLYSON LYSTER; ANN MILLER
AS MEMBER OF THE CITY
COUNCIL; BEN CHANDLER;
BRYAN LYSTER; CARL ELLIS AS
MEMBER OF THE CITY COUNCIL;
CHAD WELLS AS A MEMBER OF

THE COMMISSION; CONNIE SNYDER; CRM COMPANIES, A KENTUCKY ASSUMED NAMED CORPORATION; CRM DEVELOPMENT COMPANY, A KENTUCKY CORPORATION; DOUG ARNOLD; EDGEWOOD FARM LLC, A KENTUCKY LIMITED LIABILITY COMPANY; EDWARD MCCLEES AS A MEMBER OF THE COMMISSION; GARY JONES AS MEMBER OF THE CITY COUNCIL; GLENN BROMAGEN; GRAY LYSTER; HARDEN FIELDS, IV; J.D. WOLF AS A MEMBER OF THE COMMISSION; JENNIFER CHANDLER; JERI HARTLEY AS A MEMBER OF THE COMMISSION; JIM BOGGS AS CHAIRMAN OF THE COMMISSION; JOHN DOWDELL; KEN KERKHOFF AS MEMBER OF THE CITY COUNCIL; KIRSTEN JOHNSON; MARGARET LYSTER; MARY BRADLEY AS MEMBER OF THE CITY COUNCIL; NATALIE LYSTER; NEWTOWNANNER STUD FARM, LLC; OWEN ROBERTS AS MEMBER OF THE CITY COUNCIL; PATTY PERRY AS A MEMBER OF THE COMMISSION; RANDAL BOHANNON AS A MEMBER OF THE COMMISSION; RICH SCHEIN AS A MEMBER OF THE COMMISSION; RICHARD SNYDER; ROBERT CLAY; SANDRA BROMAGEN; SARAH FARISH; THE CITY COUNCIL OF VERSAILLES, KENTUCKY; THE CITY OF VERSAILLES, KENTUCKY; TIM PARROT AS A MEMBER OF THE

COMMISSION; VERSAILLES-
MIDWAY-WOODFORD COUNTY
PLANNING COMMISSION;
VIRGINIA FIELDS; WAYNE
LYSTER; WILLIAM CRAIG
TURNER; WILLIAM S. FARISH;
WINSTAR FARM, LLC; AND
WOODFORD COALITION, INC.                                    APPELLEES

AND

NO. 2020-CA-1058-MR

PAYNE'S MILL COMMITTEE, INC.;
ALLYSON LYSTER; BEN
CHANDLER; BRYAN LYSTER;
CONNIE SNYDER; DOUG ARNOLD;
GLENN BROMAGEN; GRAY
LYSTER; JENNIFER CHANDLER;
JOHN DOWDELL; KIRSTEN
JOHNSON; MARGARET LYSTER;
NATALIE HENTON LYSTER;
NEWTOWNANNER STUD FARM
KENTUCKY, LLC; RICHARD
SNYDER; ROBERT CLAY; SANDRA
BROMAGEN; SARAH S. FARISH;
WAYNE LYSTER; WILLIAM S.
FARISH; WINSTAR FARM, LLC;
AND WOODFORD COALITION, INC.                               APPELLANTS

APPEAL FROM WOODFORD CIRCUIT COURT
v.        HONORABLE JEREMY MICHAEL MATTOX, JUDGE
ACTION NO. 16-CI-00228

-3-

THE CITY OF VERSAILLES; ABE FOSSON; AMI SELF; ANN HAYES; ANN MILLER, IN HER OFFICIAL CAPACITY; ANNE KEOGH; BRIAN TRAUGOTT, MAYOR; CARL ELLIS, IN HIS OFFICIAL CAPACITY; CARRIE FARRIS; CHAD WELLS, IN HIS OFFICIAL CAPACITY; CRM COMPANIES (ASSUMED NAME OF CRM DEVELOPMENT COMPANY); DAN ROSENBERG; DENISE LUTZ; DONNA J. ALLEN; ED ROSS; ED SELF; EDGEWOOD FARM, LLC; EDWARD MCCLEES, IN HIS OFFICIAL CAPACITY; FRANCIS ROSS; GARY JONES, IN HIS OFFICIAL CAPACITY; HARDIN FIELD; J.D. WOLF, IN HIS OFFICIAL CAPACITY; JERI HARTLEY, IN HER OFFICIAL CAPACITY; JIM BOGGS, IN HIS OFFICIAL CAPACITY; JUDY WELLS; KATHLEEN S. GROSS; KEN ACTON; KEN KERKHOFF, IN HIS OFFICIAL CAPACITY; MARGARET M.W. DUNLAP; MARY BRADLEY, IN HER OFFICIAL CAPACITY; MICHAEL J. MCMAHON; NATANYA N. MCMAHON; NEIL FARRIS; OWEN ROBERTS, IN HIS OFFICIAL CAPACITY; PATTY PERRY, IN HER OFFICIAL CAPACITY; RANDAL BOHANNON, IN HIS OFFICIAL CAPACITY; RICH SCHEIN, IN HIS OFFICIAL CAPACITY; SALLIE J. COCHRAN; SUSAN FOSSON; TIM PARROTT, IN HIS OFFICIAL CAPACITY; VERSAILLES CITY COUNCIL; VERSAILLES-MIDWAY-WOODFORD COUNTY PLANNING COMMISSION; VIRGINIA FIELD;

VIVIAN ACTON; WHITNEY
DUNLAP, III; WILLIAM CRAIG
TURNER; AND WILLIAM D.
FISHBACK                                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE:  This is a zoning case involving 405.25 acres of property

located in Versailles, Kentucky (hereafter, the "Property").  In 2015, the owners of

the Property successfully sought a zone change for 68.42 acres to be designated

within the Urban Service Boundary ("USB").  That result is not being challenged

here.

The city of Versailles subsequently sought to annex the remaining

portion of the Property and to also rezone it in the USB.  A public hearing was held

before the Planning Commission, during which members of the public were

permitted a limited, but reasonable, time to voice their concerns.  It appears from

the administrative record that the Property may be utilized, in part, to build a new

hospital.  The Planning Commission recommended to approve the annexation and

to amend to the City's Comprehensive Plan accordingly. These measures were unanimously approved by the Versailles City Council.[1]

The Appellants are Pisgah Community Historical Association, Inc., *et al.*, and Paynes Mill Committee, Inc., *et al.* Due to their objections to the City Council's actions, Appellants filed suit against the City and various local government officers/officials (collectively referred to as the "City"). The Woodford Circuit Court issued summary judgment in favor of the City. The court specifically found that Appellants lacked standing to contest the annexation, that they were not deprived of due process, and that the City's actions were not arbitrary. The court specifically concluded that the City satisfied KRS 100.213(1)(a), which dictates the findings necessary for map amendments.

In an eleven-page order further buttressing its well-reasoned summary judgment, the circuit court denied Appellants' motions to alter, amend, or vacate its prior decision. In support, the court specifically cited to the written findings

---

[1] Kentucky Revised Statute ("KRS") 100.183 discusses the Comprehensive Plan as follows:

> The planning commission of each unit shall prepare a comprehensive plan, which shall serve as a guide for public and private actions and decisions to assure the development of public and private property in the most appropriate relationships. The elements of the plan may be expressed in words, graphics, or other appropriate forms. They shall be interrelated, and each element shall describe how it relates to each of the other elements.

made by the Planning Commission and adopted by the City. Appellants appealed to this Court as a matter of right. Having carefully considered the relevant portions of the record and the arguments advanced by the parties, we see no clear factual or legal directive that would necessitate reversal in this instance. Therefore, we affirm the circuit court.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. And as this Court observed in *Hilltop Basic Resources, Inc. v. County of Boone*:

> since zoning determinations are purely the responsibility and function of the legislative branch of government, such determinations are not subject to review by the judiciary except for the limited purpose of considering whether such determinations are arbitrary. [*American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Comm'n,* 379 S.W.2d 450, 456 (Ky. 1964))]. Arbitrariness review is limited to the consideration of three basic questions: (1) whether an action was taken in excess of granted powers, (2) whether affected parties were afforded procedural due process, and (3) whether determinations are supported by substantial evidentiary support. *Id.*

---

[2] Kentucky Rules of Civil Procedure.

180 S.W.3d 464, 467 (Ky. 2005). "Substantial evidence means evidence that is sufficient to induce conviction in the minds of reasonable people." *Smith v. Teachers' Ret. Sys. of Kentucky*, 515 S.W.3d 672, 675 (Ky. App. 2017) (citation omitted).

> However, decision makers are not free to be biased or prejudicial when performing nonjudicial functions. To the contrary, any bias or prejudicial conduct which demonstrates "malice, fraud, or corruption" is expressly prohibited as arbitrary. [*National-Southwire Aluminum v. Big Rivers Elec. Corp.*, 785 S.W.2d 503, 515 (Ky. App. 1990)]. Furthermore, decisions tainted by conflicts of interest or blatant favoritism are also prohibited as arbitrary. *See* [*City of Louisville v. McDonald*, 470 S.W.2d 173, 177 (Ky. 1971)].

*Hilltop Basic Res., Inc.*, 180 S.W.3d at 469. With these standards in mind, we turn to the facts of the present case.

## ANALYSIS

To be clear, there are two separate issues here concerning the Property: 1) the annexation; and 2) the amendment of the Comprehensive Plan. Before we address these matters, however, we must first dispense with the City's argument that Appellants failed to timely appeal from the Planning Commission's determinations. *See* KRS 100.347. The City did not cross-appeal on this issue. Therefore, it is not properly before this Court. Without the authority to review that issue, we now proceed to the remaining justiciable claims.

-8-

We begin with the argument raised by Appellant-Paynes Mill Committee Inc., *et al*., that the circuit court erroneously determined Appellants lacked standing to contest the annexation.

> Pursuant to KRS 81A.420, those in the area to be annexed who are resident voters or property owners have standing to contest annexation. Also, a taxpayer who does not vote or own property in the area to be annexed but who does live in the municipality that is seeking the annexation has standing "if he shows that he is being personally, substantially and adversely affected by the annexation, and that the damage to himself is different in character from that sustained by the public generally."

*Fourroux v. City of Shepherdsville*, 148 S.W.3d 303, 306 (Ky. App. 2004) (citing *King v. City of Corbin*, 535 S.W.2d 85, 86 (Ky. 1976)). In its summary judgment order, the circuit court cited to its judicial predecessor's order granting the City's motion to dismiss due to lack of standing. That prior order states in relevant part as follows: "In this case, none of the [Appellants] claim to reside or own property in the area that was annexed or live in the city limits of the City of Versailles. According to statutory and case law, one of these requirements must be met prior to any showing of the adverse effect of the annexation." Similarly, Appellants have not provided this Court direct evidence challenging the circuit court's findings pursuant to *Fourroux*. Therefore, we cannot conclude that the circuit court erred in dismissing Appellants' challenge to the City's annexation.

Appellants further argue that the changes to the Comprehensive Plan violated the "research" requirement of KRS 100.191. In support they cite to *Hines v. Pinchback-Halloran Volkswagen, Inc*:

> A comprehensive plan cannot be adopted by the Planning Commission without compliance with the research requirements of KRS 100.191 and the holding of a public hearing as required by KRS 100.197. The procedure for amendment of the comprehensive plan is the same as for the adoption of the original plan. KRS 100.197.

513 S.W.2d 492, 493 (Ky. 1974).[3]

However, KRS 100.197(1), provides in relevant part that, when zoning authority amends or readopts a Comprehensive Plan, "[i]t shall not be necessary to conduct a comprehensive review of the research done at the time of the original adoption pursuant to KRS 100.191, *when the commission finds that the original research is still valid.*" (Emphasis added.) In its findings of facts in support of amending the 2011 Comprehensive Plan, the Planning Commission specifically determined "the required research that was done pursuant to KRS 100.191 and which was the basis for the adoption of the 2011 Comprehensive Plan remains valid for the purposes of making the requested amendment." Therefore,

---

[3]  *See also* 3A Robert W. Keats, Comprehensive plan – Periodic review, Ky. Prac. Real Estate Transactions § 28:16 n.2 (citing *Hines*, 513 S.W.2d 492; and *Jessamine Cnty. Fiscal Ct. v. Sternberg*, No. 2002-CA-000286-MR, 2003 WL 21480267, at *2 (Ky. App. Jun. 27, 2003)).

the exception to the research requirement provided in KRS 100.197 has been satisfied here.

The present record contains many documents memorializing the extensive process that unfolded before the Planning Commission, City Council, and the Woodford Circuit Court – each of which either approved or affirmed the planning and zoning decisions at issue here.  We are not the entity most apprised of the uniquely local concerns underlying the present case.  Rather, this Court is charged with determining whether these legislative decisions were arbitrary.  For the foregoing reasons, we conclude that they are not.  *See Hilltop*, 180 S.W.3d at 469 (internal quotation marks omitted) ("At its core, arbitrariness review is concerned primarily with the product [of legislative or administrative action], and not with the motive or method which produced it.").

Similarly, we cannot conclude that Appellants were denied due process.  *Id*. (internal quotation marks and citation omitted) ("The fundamental requirement of procedural due process is simply that all affected parties be given the opportunity to be heard at a meaningful time and in a meaningful manner.").  Nothing has been presented to the Court indicating that the underlying decisions failed to comply with the requisite statutory directives, lacked reasonable consideration, or lacked public discourse.  They were certainly not arbitrary.  Any remaining arguments not specifically addressed herein either lack a sufficient basis

for further discussion, or are otherwise unpersuasive. Therefore, we affirm the circuit court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Christopher M. Clendenen
Lexington, Kentucky

W. Henry Graddy, IV.
Dorothy T. Rush
Versailles, Kentucky

BRIEFS FOR APPELLEES:

T. Bruce Simpson, Jr.
Lexington, Kentucky

Preston C. Worley
Lexington, Kentucky

William K. Moore
Versailles, Kentucky