Jason **LITTLETON** and Elizabeth Floyd, Appellants

v.

Edgar **PLYBON**; Nora Plybon; Unknown Heirs of Judith Littleton Boggs; Unknown Heirs of Roger Boggs; Kenneth D. Boggs; and The Unknown Spouse of Kenneth Boggs, Appellees.

No. 2011–CA–002114–MR.

Court of Appeals of Kentucky.

Aug. 24, 2012.

Discretionary Review Denied by Supreme Court April 17, 2013.

Brandon M. Music, Grayson, KY, for appellants.

Patricia Meigs Pitt, Ashland, KY, for appellees.

Before ACREE, Chief Judge; MOORE and THOMPSON, Judges.

*OPINION*

MOORE, Judge:

Jason Littleton and Elizabeth Floyd (collectively Littleton) appeal the order of the Carter Circuit Court dismissing their complaint for failure to state a claim upon which relief could be granted. After a review of the record, we affirm.

This action involves a dispute over ownership of a parcel of real property located in Carter County, Kentucky. The appellees, Edgar and Nora Plybon, purchased the subject parcel of real property from Kenneth D. Boggs on November 5, 2010. Kenneth Boggs acquired ownership of the property via intestate succession as evidenced by the affidavit of descent of his father, Roger Boggs, who died on October 8, 2009. Roger Boggs acquired his interest on November 3, 2005, via deed (the Boggs deed) from Judy Boggs (formerly Littleton) and Roger Boggs, wife and husband, to Judy Boggs and Roger Boggs. That deed transferred the property to Judy and Roger "for and during their joint lives with remainder in fee simple to the survivor, their heirs and assigns forever...." [1]

Prior to that conveyance, Judy was sole owner of the property. Judy died on October 28, 2008, leaving Roger as her survivor. Thus, title vested solely in Roger pursuant to operation of law at the time of Judy's death. *Sanderson v. Saxon,* 834 S.W.2d 676, 678 (Ky.1992).

On April 27, 2011, approximately six months after the property was sold to the Plybons, Littleton filed a complaint with the Carter Circuit Court seeking to set aside the sale on the basis that the Boggs deed failed as a matter of law to create a joint tenancy with right of survivorship. Littleton argues that the Boggs deed created a tenancy in common, and, therefore, he is entitled to a portion of the subject

---

1. A deed of correction was filed of record on January 24, 2006, for the sole purpose of correcting the property description. It also states that the conveyance was "for and during [the Boggs] joint lives with remainder in fee simple to the survivor, their heirs and assigns forever...."

property as heir to Judy Littleton Boggs. Specifically, Littleton asserted that three of the four unities necessary for the creation of a joint tenancy, namely, time, title, and interest, were not met because Judy owned the property prior to her execution of the Boggs deed.

The Plybons filed a motion to dismiss for failure to state a claim pursuant CR [2] 12.02(f). The trial court concluded that the use of a straw man, the practice of executing an intermediary deed to a third party who then re-conveys the parcel to the original owner[s] for the purpose of achieving a joint tenancy, was "no longer in accord with the modern view of the law," and, therefore, the Boggs deed was sufficient to create a joint tenancy. Littleton now appeals.

■■■ "It is well settled in this jurisdiction when considering a motion to dismiss under [Kentucky Rules of Civil Procedure (CR) 12.02], that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." [3] *Mims v. Western–Southern Agency, Inc.,* 226 S.W.3d 833, 835 (Ky.App.2007) (citing *Gall v. Scroggy,* 725 S.W.2d 867, 869 (Ky. App.1987)). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Fox v. Grayson,* 317 S.W.3d 1, 7 (Ky.2010) (citing *Morgan v. Bird,* 289 S.W.3d 222, 226 (Ky.App.2009)).

■■■ On appeal, Littleton's sole argument is that the direct conveyance was insufficient to create a joint tenancy because the requisite unities of time, title, and interest were lacking. However, Littleton does not contest that these unities could have been achieved with the use of a straw man, which is merely a circuitous route for avoiding objections as to unity of time, title, interest, and possession and serves to give effect to the "parties' intent that the grantor also be one of the grantees." *Smith v. Vest,* 265 S.W.3d 246, 251 (Ky.App.2007) (citing *Haynes v. Barker,* 239 S.W.2d 996, 997 (Ky.1951)). The straw man simply acts as an intermediary title holder, and it is never intended that he obtain any lasting rights to the property.

Thus, Littleton's argument proposes only that what could have been achieved by this indirect method was not achieved by direct conveyance. However, our state's highest Court has endorsed a departure from "strict adherence to [such] common law technicalities" and "permit[s] to be done directly, that which could be done indirectly," thereby giving effect to the interest the parties intended to create by conveyance. *Haynes,* 239 S.W.2d at 997. Littleton simply seeks to enforce these technicalities and presents no other compelling argument as to why we should not give effect to the Boggs deed. Thus, we find no reason not to enforce the intention in the Boggs deed to create a joint tenancy where it was achieved directly rather than indirectly.

■■ As an aside, although Littleton conceded in his complaint that the Boggs deed was created out of the intention of Judy

**2.** Kentucky Rule of Civil Procedure.

**3.** Although it appears that Littleton's CR 12.02 motion could be construed as motion for summary judgment under Rule 56 because the trial court appears to have reviewed matters outside the pleadings in making its

determination, we believe this to be inconsequential, as this appeal solely involves an interpretation of the law, and our review would, thus, be *de novo* in either event. *See* CR 12.02; *Lewis v. B & R Corp.,* 56 S.W.3d 432, 436 (Ky.App.2001).

Littleton Boggs and Roger Boggs to create a joint tenancy, he argues for the first time on appeal that this concession was distinguishable from that of a *"clear intent"* of the Boggses to form a joint tenancy. He posits that, had the trial court allowed his claim to proceed, evidence of mental incompetency, mental frailty, fraud, duress, or coercion, sufficient to obviate the statement of intention upon the face of the deed may have been revealed. However, Littleton made no such allegations in his complaint, and the trial court had no opportunity to address this argument. Thus, it is not properly preserved for appellate review. *Marksberry v. Chandler,* 126 S.W.3d 747, 753–54 (Ky.App.2003).

Accordingly, we affirm.

ALL CONCUR.