RENDERED:  SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000215-MR

JASON R. BREWER                                            APPELLANT


|   |   |
|---|---|
| v. | APPEAL FROM FRANKLIN CIRCUIT COURT<br>HONORABLE THOMAS D. WINGATE, JUDGE<br>ACTION NO. 18-CI-00781 |


KATHY LITTERAL
AND JAMES ERWIN                                         APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Jason R. Brewer, *pro se*, brings this appeal from a January 15, 2019, Order dismissing his petition for declaration of rights for failure to state a claim upon which relief could be granted per Kentucky Rules of Civil Procedure (CR) 12.02(f).  We affirm.

On December 18, 2007, Brewer was convicted of kidnapping, first-degree burglary, first-degree robbery, second-degree criminal possession of a forged instrument, second-degree escape, and first-degree possession of a controlled substance. Brewer was sentenced to a total of twenty-years' imprisonment.

Thereafter, on November 5, 2018, Brewer filed a petition for declaration of rights and argued that the violent offender statute (Kentucky Revised Statutes (KRS) 439.3401) conflicted with KRS 197.045(1)(b)1, Kentucky Corrections Policies and Procedures (CPP) 15.2, CPP 15.3 and CPP 15.5. Because of such conflict, Brewer maintained that KRS 439.3401 was unconstitutional.

The Commonwealth filed a motion to dismiss under CR 12.02(f). The Commonwealth argued that KRS 439.3401 was not in conflict with KRS 197.045(1)(b)1, CPP 15.2, CPP 15.3, or CPP 15.5. The Commonwealth asserted that Brewer failed to state a claim upon which relief could be granted and sought dismissal of the petition.

By Order entered January 15, 2019, the circuit court determined that KRS 439.3401 did not conflict with KRS 197.045(1)(b)1, CPP 15.2, CPP 15.3, or CPP 15.5. Therefore, the court granted the motion to dismiss and dismissed the petition. This appeal follows.

Brewer contends that the circuit court erroneously dismissed his petition for declaration of rights. Brewer maintains that he is classified as a violent offender due to his convictions and that he is improperly "subject to a greater penalty imposed by the Adjustment Officer for a disciplinary rule infraction" than a nonviolent offender. Brewer's Brief at 6. To explain this different treatment, Brewer particularly argues:

> [Brewer] cannot receive any forfeited good time back that was forfeited due to a conviction of a major disciplinary rule infraction. This is all due to the fact that [Brewer] is classified as a violent offender, and that being the only sentence [Brewer] received. If [Brewer] had an eighty-five percent sentence and a twenty percent sentence, the prisoner would be able to receive his forfeited good time back that was forfeited for a major disciplinary infraction.
>
> [Brewer] is asserting that the Violent Offender Statute KRS § 439.3401, KRS § 197.045(1)(b)(1), Credit on sentence for good behavior Department of Corrections Policy and Procedure 15.2, 15.3, and 15.5, are clearly in conflict with one another.

Brewer's Brief at 2.

A motion to dismiss under CR 12.02(f) is proper where "the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari-Mutuel Clerks' Union of Ky. v. Ky. Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977) (citation omitted). When ruling upon a CR 12.02

motion to dismiss, the pleadings are to be construed in a light most favorable to the plaintiff. *Littleton v. Plybon*, 395 S.W.3d 505, 507 (Ky. App. 2012).

In its January 15, 2019, Order, the circuit court set forth the following analysis of Brewer's claim that KRS 439.3401 conflicted with KRS 197.045(1)(b)1, CPP 15.2, CPP 15.3, and CPP 15.5:

> [T]he Court does not find a conflict between KRS 439.3401 and KRS 197.045, nor does the Court find a conflict between KRS 439.3401 and CPPs 15.2, 15.3, and 15.5. KRS 439.3401(4) clearly states that[:]
>
>> "[a] violent offender shall not be awarded any credit on his sentence authorized by KRS 197.045(1)(b). In no event shall a violent offender be given credit on his or her sentence if the credit reduces the term of imprisonment to less than eighty-five percent (85%) of the sentence.["]
>
> KRS § 439.3401(4). KRS 197.045(1)(b)(l) states an inmate[:]
>
>> [m]ay receive a credit on his or her sentence for good behavior in an amount not exceeding ten (10) days for each month served, to be determined by the department from the conduct of the prisoner.
>
> KRS § 197.045(1)(b)(l). Respondents first contend that the use of "may" in the statute gives the Department of Corrections discretion in issuing such discretionary credit. The Court agrees. However, even if Petitioner, as a violent offender, received such credit, pursuant to KRS 439.3401(4), the credit applied cannot reduce Petitioner's sentence to less than eighty-five percent (85%). Thus, there is no conflict because the statutes work in unison.

-4-

Petitioner's next arguments [sic] centers on a variety of CPPs. First, CPP 15.2 addresses rule violations and penalties that are applied across the board to all prisoners. The Court does not find conflict between CPP 15.2 and KRS 439.3401. Second, CPP 15.3 states "[a] violent offender may receive meritorious good time to the extent authorized by KRS 439.3401(4)." (CPP 15.3, II, D). Again, the Court finds that this policy of the Department of Corrections, 15.3, works in harmony with KRS 439.3401 and KRS 197.045(1)(b)(l). Finally, Petitioner believes CPP 15.5, which addresses restorations of forfeited good time, conflicts with KRS 439.3401. The Court disagrees. CPP 15.5 states, in relevant part, "[g]ood time loss resulting from any Category III through Category VI rule violation, as described in CPP 15.2, may be restored." (CPP 15.5, II, A). Moreover, CPP 15.5 specifies that "[m]eritorious good time that was forfeited shall not be subject to restoration." *(Id* at II, C). After close reading of KRS 439.3401, KRS 197.045, CPP 15.2, 15.3, and 15.5, the Court finds that no conflict exists between the statutes and the Department of Corrections policies and procedures. Petitioner is correctly classified as a violent offender; therefore, KRS 439.3401(4) is clear that he cannot receive credit to reduce his sentence to less than eighty-five percent (85%). Further, the use of "may" in KRS 197.045(1)(b) makes application of the credit discretionary. CPP 15.5, II, A, also states that good time lost as a result of a Category III through Category VI violation may be restored, again, giving discretion to the Department of Corrections through the use of "may." The Court finds no conflict in the statutes pled by Petitioner. . . .

January 15, 2019, Order at 2-4.

We agree with the thorough analysis by the circuit court. There is simply no conflict between KRS 439.3401 and KRS 197.045(1)(b)1, CPP 15.2,

CPP 15.3, and CPP 15.5.  Consequently, we believe the circuit court properly dismissed the petition for declaration of rights under CR 12.02(f).

For the foregoing reasons, the Order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEES: |
|---|---|
| Jason R. Brewer, *Pro Se* <br> West Liberty, Kentucky | Allison R. Brown <br> Department of Corrections <br> Frankfort, Kentucky |