RENDERED:  DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0573-MR

THANG NGO                                                                APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 21-CI-005713

ANTHONY NGO AND THE ROMAN
CATHOLIC BISHOP OF LOUISVILLE
D/B/A ARCHDIOCESE OF
LOUISVILLE                                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE:  Thang Ngo appeals from an order of the Jefferson

Circuit Court which dismissed his cause of action against Father Anthony Ngo.[1]

We find no error and affirm.

---

[1] The Archdiocese of Louisville moved to intervene during the circuit court proceedings.  The circuit court granted the motion to intervene over Appellant's objection.

## FACTS AND PROCEDURAL HISTORY

Father Anthony Ngo (hereinafter referred to as Father Anthony) is the priest assigned to St. John Vianney parish in Louisville, Kentucky. Thang Ngo is a member of the parish and a former member of the Parish Council. Appellant, and others, believed Father Anthony was misappropriating funds donated to the parish by parishioners. Appellant and other members of the council informed the Archdiocese of the alleged financial irregularities and requested Father Anthony participate in an audit of the parish accounts.

Father Anthony eventually terminated Appellant and other members from the council. This decision was ratified by the Archdiocese. The Archdiocese then began an investigation into the allegations.[2] Appellant, along with others, then brought the underlying cause of action seeking an accounting from Father Anthony.[3]

Father Anthony and the Archdiocese of Louisville later moved to dismiss the case pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f), failure to state a claim upon which relief can be granted. Appellees argued that Appellant lacked standing to bring the underlying claim because the funds at issue

---

[2] Comments made in the briefs indicate that this investigation was completed and there was no merit to the financial irregularity allegations, but there is no evidence in the record to support this claim.

[3] The other plaintiffs in this case have chosen not to participate in this appeal.

belonged to the church once they were donated.  Appellees also argued the case should be dismissed based on the doctrine of ecclesiastical abstention.

> The concept of ecclesiastical abstention or church autonomy has long been recognized as a necessary corollary to the First Amendment's religion clauses.  To protect the rights embodied in the Free Exercise and Establishment Clauses of the First Amendment, ecclesiastical abstention provides a spirit of freedom for religious organizations, an independence from secular control or manipulation – in short, power to decide for themselves, free from state interference – matters of church government as well as those of faith and doctrine.  Thus, when resolution of a case is dependent on the question of doctrine, discipline, ecclesiastical law, rule, or custom, or church government, secular courts must abstain from hearing the case.  Put differently, where resolution of the disputes cannot be made without extensive inquiry by civil courts into religious law and polity, the First and Fourteenth Amendments mandate that civil courts shall not act.

*St. Joseph Catholic Orphan Society v. Edwards*, 449 S.W.3d 727, 738-39 (Ky. 2014) (internal quotation marks, footnotes, and citations omitted).

The trial court ultimately dismissed the case based on the doctrine of ecclesiastical abstention.  This appeal followed.

## ANALYSIS

Appellant argues that the trial court erred in granting the motion to dismiss because the ecclesiastical abstention doctrine does not apply and the controversy "can be resolved by the application of neutral principles of secular law." *Id.* at 739 (footnote and citation omitted).  Appellant claims that Father

Anthony owed a fiduciary duty to the parishioners to properly use and account for the parish donations given to him and this does not involve church government or religious doctrine.

> It is well settled in this jurisdiction when considering a motion to dismiss under [CR 12.02], that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true. Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo.*

*Littleton v. Plybon*, 395 S.W.3d 505, 507 (Ky. App. 2012) (internal quotation marks, footnote, and citations omitted). We believe that the trial court did not err in this case.

An accounting of church funds is directly related to church governance. How parish funds were being spent was under the purview of Father Anthony with oversight performed by the Archdiocese of Louisville. This is supported by the fact that Appellant informed the Archdiocese of the alleged misuse of funds and the Archdiocese initiated an investigation. In addition, the Archdiocese intended to create a new Finance Council for the parish that will have some input on how funds are used. If the trial court had allowed this case to move forward to completion, any ruling it made would be an imposition on the will of the Archdiocese and the church itself. The court would have been in a position to

second guess the decisions of the Archdiocese as to the proper running of the parish and administration of the parish funds. This type of situation is precisely why the ecclesiastical abstention doctrine exists.

## **CONCLUSION**

Based on the foregoing, we affirm the judgment of the trial court. The court properly dismissed the case because the dispute was related to church governance and internal church affairs.

ALL CONCUR.

BRIEF FOR APPELLANT:

Stuart Alexander
Louisville, Kentucky

BRIEF FOR APPELLEE ANTHONY NGO:

Michael B. Dailey
Caroline K. Bruenderman
Louisville, Kentucky

BRIEF FOR APPELLEE THE ROMAN CATHOLIC BISHOP OF LOUISVILLE D/B/A ARCHDIOCESE OF LOUISVILLE:

P. Kevin Ford
T. Colin Ford
Louisville, Kentucky