RENDERED:  FEBRUARY 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0038-MR

SHANDA L. MCDANIEL                                                    APPELLANT


APPEAL FROM BOONE CIRCUIT COURT
v.      HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 24-CI-01582


BRAXTON ADKINS, M.D. AND
SEVEN HILLS ANESTHESIA                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE:  This is an appeal from the Boone Circuit Court's

November 25, 2024, order dismissing Shanda L. McDaniel's medical malpractice

complaint against anesthesiologist Braxton Adkins, M.D., and Seven Hills

Anesthesia on statute of limitations grounds.  We affirm.

McDaniel began experiencing swelling in her legs in June 2020.  She

sought and received various forms of treatment, including pain management,

physical therapy, and surgery. She had arthroscopic surgery performed on her right knee in August 2020 and again in December 2020. Following surgery, McDaniel experienced "excruciating pain" and learned that she had acquired Reflex Sympathetic Dystrophy (RSD).[1] McDaniel underwent surgery on her left knee on August 24, 2021, during which Dr. Adkins, the Appellee, placed her under general anesthesia. She was later diagnosed with RSD in her left knee. The first mention of RSD in relation to McDaniel was a note in her medical file dated March 23, 2022.

On July 31, 2023, McDaniel filed an initial complaint alleging medical negligence against Dr. Joshua Hansen, an anesthesiologist subsequently discovered not to have been involved in her treatment. McDaniel alleged she was negligently administered general anesthesia during her August 24, 2021, surgery that either caused or exacerbated her RSD. She also claimed she underwent surgery not knowing the risk that RSD might develop in her left knee and would not have undergone the surgery had she known the risk. That suit contained a paragraph noting McDaniel had learned from a Dr. Hummell on August 10, 2022, that "she was not a candidate for surgery because of the RSD." Further, "[t]his was the first time [McDaniel] was made aware that RSD is likely to occur in other

_____

[1] The record reflect that McDaniel's condition was also referred to as Complex Regional Pain Syndrome, or CRPS. For ease of understanding, we will refer to her condition as RSD.

limbs subject to surgery if [McDaniel] had developed RSD in a prior surgery and if a general anesthesia was administered during a surgery."[2] Upon subsequently realizing that Dr. Hansen had not been the physician who administered her anesthesia on August 24, 2021, McDaniel voluntarily dismissed her initial suit.[3]

On September 27, 2023, McDaniel obtained a certificate of merit from a medical expert, Dr. Daryl Henshaw, who reviewed her medical records and opined that there was no evidence of a risk/benefit conversation related to the types of anesthetics to be used (regional or general) in a case such as hers. On September 26, 2024, McDaniel filed the instant complaint involving the same issue as before – except this time against Dr. Adkins. She stated that she did not know about the risks of general anesthesia on a person who has RSD until she received Dr. Henshaw's report. This complaint did not contain any reference to Dr. Hummell as her first complaint did. McDaniel also named Seven Hills Anesthesia (Dr. Adkins' employer) as a defendant for its failure to train, monitor, or police Dr.

---

[2] *McDaniel v. Joshua Emery Hansen, MD and Seven Hills Anesthesia*, Boone Case No. 23-CI-01033, Complaint p. 4, ¶ 17.

[3] The record from the first action was not included in the certified record in the present appeal. However, McDaniel included the 2023 complaint as an appendix to her brief. And we have also relied upon CourtNet, Kentucky's litigation search engine, to determine when the first action was dismissed. *See Barnette v. Evans*, 697 S.W.3d 749, 753 n.2 (Ky. App. 2024) ("Judicial notice may not be taken of Kentucky CourtNet records to present as evidence in a trial. *See Marchese v. Aebersold*, 530 S.W.3d 441 (Ky. 2017). But information about the existence of charges may be referenced by an appellate court to provide perspective for the trial court proceedings. *See*, *e.g.*, *Mulazim v. Commonwealth*, 600 S.W.3d 183, 203 n.6 (Ky. 2020).").

Adkins' actions. McDaniel sought a jury trial and an award of compensatory, exemplary, and punitive damages.

In lieu of filing an answer, the defendants filed a motion to dismiss pursuant to Kentucky Rules of Civil Procedure (CR) 12.02 based upon McDaniel's failure to file her complaint within the one-year statute of limitations set forth in Kentucky Revised Statutes (KRS) 413.140(1)(e) and (2). They asserted that McDaniel discovered the injury in March 2022 based upon the notation in her medical records and that the statute of limitations expired on August 24, 2022 (one year after the surgery at issue). In her response, McDaniel did not dispute the date of the surgery, the date RSD was first mentioned, or that she had filed her first action in July 2023. However, she argued that she was unaware of the risk of RSD transferring from one limb to another if she underwent surgeries on one knee and then the other. She asserted she was unaware of this connection until she sought Dr. Henshaw's opinion, who did not issue a letter until September 27, 2023, which confirmed her suspicion. Therefore, she argues that she timely filed her complaint within one year of discovery.

By order entered November 25, 2024, the circuit court granted the motion to dismiss. The court noted that in the complaint for the first action, McDaniel referenced Dr. Hummell's August 2022 report to her about RSD being likely to occur. Accordingly, the court found that McDaniel first discovered the

-4-

injury on August 10, 2022, and that based upon the application of the discovery rule, the statute of limitations for her claims against the defendants expired on August 10, 2023. This appeal now follows.

Generally, the appropriate standard of review for a dismissal pursuant to CR 12.02(f) is as follows:

> "It is well settled in this jurisdiction when considering a motion to dismiss under [CR 12.02], that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007) (citing *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citing *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)).

*Littleton v. Plybon*, 395 S.W.3d 505, 507 (Ky. App. 2012) (footnote omitted).

More specifically to this appeal,

> This Court has long held that "[w]here the pertinent facts are not in dispute, the validity of the defense of the statute of limitations can and should be determined by the court as a matter of law." *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 572-73 (Ky. 2009) (quoting *Lynn Min. Co. v. Kelly*, 394 S.W.2d 755, 759 (Ky. 1965)). In this case, "there is no dispute concerning the operative facts concerning the time elements involved." *Louisville Trust Co. v. Johns-Manville Prods.*, 580 S.W.2d 497, 501 (Ky. 1979). Therefore, our review is of a question of law, and we review questions of law de

-5-

novo. *Community Financial Servs. Bank v. Stamper*, 586
S.W.3d 737, 741 (Ky. 2019).

*Smith v. Fletcher*, 613 S.W.3d 18, 24 (Ky. 2020).

KRS 413.140 sets forth causes of actions that have a one-year statute

of limitations:

> (1) The following actions shall be commenced within one
> (1) year after the cause of action accrued:
>
> . . .
>
> (e) An action against a physician, surgeon,
> dentist, or hospital licensed pursuant to KRS
> Chapter 216, for negligence or
> malpractice[.]

Subsection (2) provides a discovery rule for these particular actions:

> In respect to the action referred to in paragraph (e) of
> subsection (1) of this section, the cause of action shall be
> deemed to accrue at the time the injury is first discovered
> or in the exercise of reasonable care should have been
> discovered; provided that such action shall be
> commenced within five (5) years from the date on which
> the alleged negligent act or omission is said to have
> occurred.

In *Wiseman v. Alliant Hospitals., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000), the

Supreme Court of Kentucky addressed this discovery rule as follows:

> The discovery rule, a means by which to identify
> the "accrual" of a cause of action when an injury is not
> readily ascertainable or discoverable, was first enunciated
> in *Tomlinson v. Siehl*, Ky., 459 S.W.2d 166 (1970), and
> later refined in *Hackworth v. Hart*, Ky., 474 S.W.2d 377
> (1971): "[T]he statute begins to run on the date of the

discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered." *Id.* at 379. This rule entails knowledge that a plaintiff has a basis for a claim before the statute of limitations begins to run. The knowledge necessary to trigger the statute is two-pronged; one must know: (1) he has been wronged; and, (2) by whom the wrong has been committed. *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641 (6th Cir. 1986). *See also Hazel v. General Motors Corp.*, 863 F. Supp. 435, 438 (W.D. Ky. 1994) ("Under the 'discovery rule,' a cause of action will not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only that he has been injured but also that his injury may have been caused by the defendant's conduct.").

In her brief, McDaniel contends that she did not know of the connection to her RSD until she received Dr. Henshaw's certificate of merit on September 27, 2023. As to Dr. Hummell's report to her, McDaniel stated that while the risks were explained, she did not understand the connection to her condition. Per her brief to this Court, she did not "know with reasonable certainty the cause of her medical condition" until she received Dr. Henshaw's letter.

However, we agree with the appellees that "the filing of the first Complaint by [McDaniel] by and through her attorney is a tacit admission that she was well aware of the alleged etiology of her injury[.]" As the circuit court stated in his order, McDaniel first discovered her injury on August 10, 2022, when Dr. Hummell informed her about the risk of RSD, meaning that the statute of limitations expired one year later, on August 10, 2023. She filed the first action in

-7-

July 2023, prior to receiving the letter from Dr. Henshaw in September of that year, which negates her argument that she had not discovered her injury until she received that letter. If she had not discovered her injury, she would not have had a basis to file the first action. Accordingly, the circuit court did not err in granting the motion to dismiss.

For the foregoing reasons, the order of the Boone Circuit Court dismissing McDaniel's complaint is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

C. Ed Massey
Erlanger, Kentucky

BRIEF FOR APPELLEE:

Paul J. Vollman
Michael F. Lyon
Cincinnati, Ohio